THOMAS DINSMORE *vs.* JOSEPH ABBOTT, and others.

Kennebec.    Opinion December, 1896.

*Bailment. Burden of Proof.*

The plaintiff left in defendants' store-house, with their consent, a quantity of beans. There was no agreement for compensation, and, so far as the case shows, neither of the parties expected that any compensation for the storage would be required. The defendants were not ware-house men, the store-house being used by them for their own purposes in connection with their

business as retail traders.   The plaintiff alleged that the defendants refused
to deliver to him the property stored, upon demand.

*Held;*   That the burden was upon the plaintiff, in the first 'instance to prove
such a refusal, and that if this had been done he would have made out a prima
facie case; and it would have been incumbent upon the defendants to explain
the cause of their refusal, such as by showing the loss of the property by
theft or burglary, or its destruction by fire or otherwise.   Then it would
have been incumbent upon the plaintiff to show that the loss or destruction
occurred by reason of the defendants' failure to exercise such a degree of
care of the property as the law requires of a gratuitous bailee.

*Also held;*   That the plaintiff had failed to sustain the burden resting upon him
and that the verdict in his favor was not authorized.

ON MOTION BY DEFENDANTS.

The case appears in the opinion.

*J. H. Greeley, E. W. Whitehouse and W. H. Fisher,* for plaintiff.

*W. H. Fogler,* for defendants.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-
WELL, STROUT, JJ.

WISWELL, J.   The plaintiff left in the defendants' store-house,
with their consent, a quantity of beans in bags.   There was no
agreement for compensation; and, so far as the case shows, neither
of the parties expected that any compensation for the storage
would be required.   The defendants were not ware-house men;
the store-house was used by them for their own purposes in con-
nection with their business as retail traders.   The transaction was
therefore a gratuitous bailment.

The plaintiff alleges that the defendants refused to deliver to
him the property stored upon demand.   The burden was upon the
plaintiff, in the first instance, to prove such a refusal; if this had
been done he would have made out a prima facie case, and it
would then have been incumbent upon the defendants to explain
the cause of their refusal, such as by showing the loss of the
property by theft, or burglary, or its destruction by fire or other-
wise.   Then it would have been incumbent upon the plaintiff to
show that the loss or destruction occurred by reason of the defend-
ants' failure to exercise such a degree of care of the property as

the law requires of a gratuitous bailee. The plaintiff did not prove such a refusal, nor whether he had received all of the property left in the store-house, or not. It appears that, at one time, he gave an order for all of these beans to a third party who did take from the store-house a portion of them, at least, but the case does not show whether he took them all or not.

Nor did the plaintiff introduce any evidence tending to prove a want of sufficient care upon the part of the bailees. The loss of the property was a sufficient excuse for the failure to return, unless the loss occurred through the fault or want of ordinary care of the defendants. *Smith* v. *First National Bank,* 99 Mass. 605.

The evidence for the defense was positive and uncontradicted that they did not have the property in their possession at the time of demand; that they had not used or disposed of it, with the exception of one bag, containing two bushels, which they were willing to pay for; and that if the plaintiff had not received the property, it had been lost without their fault. The burden was upon the plaintiff, whatever the form of action, to show a breach of the implied contract of the defendants as gratuitous bailees, viz., to use ordinary care in keeping the property and to deliver it upon demand, if after using due care, they should have it in their possession. *Winthrop Bank* v. *Jackson,* 67 Maine, 570; *Willett* v. *Rich,* 142 Mass. 356.

From the evidence in behalf of the plaintiff alone, the loss of the property without the fault of the defendant was as consistent as a loss occurring through their negligence. It is of course true that, in this action, before the plaintiff was required to introduce any evidence of the defendants' negligence, it was necessary for the defendants to satisfactorily explain the cause of their refusal to redeliver, if such a refusal had been proved. We think that the defendants did this so as to overcome such a prima facie case as the plaintiff would have made out, if the evidence in relation to the refusal to deliver had been sufficient.

It is the opinion of the court that the evidence did not authorize a verdict for the plaintiff.

*Motion sustained.*