LEONARD L. BUSWELL *vs.* EDWARD T. FULLER.

Penobscot.    Opinion February 24, 1897.

*Taxes.    Officer.    Negligence.    Burden of Proof.    Bailment.*

In an action by the owner of a horse against a collector of taxes, who had distrained the horse from the collector for a tax subsisting against such owner, in which action it is charged that the collector had been guilty of negligence in allowing the horse to get injured while in his possession between the date of the seizure and the date of the sale, the general burden of proof is on the owner to establish the alleged negligence; and this is so upon the ground that officers of the law are presumed to do their duty and are presumed to have no motive to avoid or neglect any duties imposed on them.

But to throw such burden on the owner or bailor, there is a preliminary duty or burden of explanation cast, from the nature of the relation of the parties, upon the officer or bailee to explain the circumstances of any injury occurring during his custody of the horse, so far as he has any knowledge of them superior to the knowledge of the owner in the matter; and this duty is imposed on the officer because he would naturally be supposed to be possessed of more means of information than the owner would have.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*H. L. Mitchell*, for plaintiff.

A collector of taxes can justify under the warrant committing the taxes to him in all cases except for his own wrong and negli-

gence. It is also well settled that if a collector abuses his authority in the seizure of property for taxes, or neglects to take due and proper care of the property, or in any way neglects his duty to the injury of the property distrained, he thereby becomes a trespasser ab initio. *Carter* v. *Allen,* 59 Maine, 297 ; *Blanchard* v. *Dow,* 32 Maine, 557 ; *Reed* v. *Sibley,* 40 Maine, 356 ; *Dolbier* v. *Norton,* 17 Maine, 307 ; *Mills* v. *Gilbreth,* 47 Maine, 324 ; *Readfield* v. *Shaver,* 50 Maine, 36.

In a question of contract against warehousemen to recover for the failure to deliver goods intrusted to them, admitted or proved to have been received by them and not delivered upon demand, the burden of proof is on them to show that the goods had been lost without their fault. *Cass* v. *Boston & Lowell R. R. Co.,* 14 Allen, 448.

The proof of delivery of goods to a common carrier and of a demand and refusal of the goods, throws the burden of proof upon the carrier to show that the loss of the goods happened by dangers for which he was not liable. *Alden* v. *Pearson,* 3 Gray, 342.

*C. A. Bailey and D. F. Davis,* for defendant.

SITTING: PETERS, C. J., FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. This is an action of replevin for a horse that was distrained by a town collector for a tax against the plaintiff. The horse, having been kept four days by the collector, while about to be sold by him at auction was replevied by the owner upon the ground that the horse had not been properly cared for during the four days ; the owner alleging that the horse was sound when distrained, and had been injured during the time of his detention by the negligence of the collector. The owner claims that the horse's hip got out of joint by some accident caused by the fault of the collector. Upon this issue of negligence the case was tried and a verdict rendered for the defendant.

The only exception, out of several taken, which is now relied on is that relating to the burden of proof. The plaintiff asked the

court to instruct the jury, "that the defendant was bound to produce the distress at the time and place of sale in as good order and condition as when he distrained it, and that if the distress was injured while in his custody, so to render it of less value, the defendant became a wrong doer and the burden was upon the defendant to show that he was not at fault."

The presiding justice ruled that the burden of proof was upon the plaintiff to establish the fact, by preponderance of testimony, that the horse was injured because the defendant did not exercise due and proper care for the distraint while in his custody.

Generally, the burden of proof upon any affirmative proposition necessary to be established as the foundation of a suit does not shift from plaintiff to defendant, while the burden of evidence, or of the weight or preponderance of evidence, or the burden of explanation, may shift from one side to the other according to the testimony. There is a manifest distinction between the burden of proof and the burden of evidence. How far the burden of evidence may bear upon a party to a litigation is usually more for the jury to determine as a matter of fact than for the ruling of the court as matter of law.

Generally, where a plaintiff, as his cause of action, alleges negligence against a defendant, the burden of proof is upon the plaintiff throughout the trial, even though in instances the burden of evidence may change. And very many English and American cases hold the doctrine that the rule, requiring that a plaintiff who alleges negligence must affirmatively prove it, applies in any case of bailment where the bailor sues the bailee for not returning the articles bailed in suitable condition, or does not even return them at all, at the time when the bailee was to turn them over, and that an omission so to do does not of itself establish the bailee's negligence or default. But this doctrine is stoutly opposed by other strong and leading authorities. Judge Story in his book on bailments espouses the doctrine, and Dr. Wharton in several of his treatises bluntly opposes it. The idea on which the doctrine is grounded is that negligence is not to be assumed or presumed, but must be proved, and in the case of an officer the theory is made

stronger, perhaps, because it is aided by the presumption that an officer, who has no motive to commit wrong, is presumed to act correctly.

And still there is really something illogical and unnatural in saying, if a person to whom I commit my property to keep for me neglects to return it to me when demanded of him, that I rather than he must show the cause of his default; that I, knowing nothing of the cause for the neglect of my bailee to return my property must give the explanation rather than he give the explanation who knows all about it. The folly of the rule, if applied literally, is vigorously assailed by Peckham, J., in *Collins* v. *Bennett*, 46 N. Y. 490, in the case of a hired horse returned to the bailor in a foundered condition.

And so it is that many courts have attempted to qualify the rule by annexing exceptions to it. Judge Story thought there might be an exception in complicated cases, and he would apply the rule in the law of bailments and not to common carriers, and that eminent jurist intimates that an exception should obtain in a case where the bailor demands a thing loaned, and the bailee makes a general refusal without offering any special excuse therefor. Story, Bailments, 213, 278. The Pennsylvania Court in *Clark* v. *Spratt*, 10 Watts, 335, places the burden of explanation on the bailee so far as to say that he is required to show that the goods have been lost and the manner they were lost, although the presumption is that a bailee has been faithful to his trust, and that the general burden of proof, after this exposure of facts by the bailee (in court or out of court we assume) rests upon the bailor to show the contrary. This case was approved by this court in *Mills* v. *Gilbreth*, 47 Maine, 320, a case in principle very much like the present.

There are two doctrines, therefore, to be found in the books on this subject,—one that the burden of proof shifts, and the other that it does not. But those who maintain the latter position admit that, while the general burden of proof does not change, if a bailor does not get any account of the loss of, or an injury to, the articles bailed, the proof of the fact of demand and refusal without such

explanation will make out a prima facie case for the bailor, and a conclusive case unless the bailee assumes the burden of evidence and shows facts proving the contrary. · Mr. Schouler, in his valuable work on bailments, discusses this vexed and rather intricate question very instructively, and adduces the leading authorities on both sides. In a note he undertakes to construct a test which will be in consonance with the rule and its complicated exceptions. Schouler, Bailments, 22, 23, 24 and note.

The exceptions by the plaintiff cannot be sustained because there is nothing in them indicating that the officer did not disclose all the facts within his knowledge pertaining to the injury. It is presumable that both parties were witnesses.

*Exceptions overruled.*