# CHARLESTON.

THE BALTIMORE & OHIO RAILROAD COMPANY, THE PENNSYL-
VANIA RAILROAD COMPANY, MONONGAHELA RAILWAY COM-
PANY, *and* WESTERN MARYLAND RAILWAY COMPANY *v.* THE
PUBLIC SERVICE COMMISSION OF WEST VIRGINIA.

(No. 5284)

THE BALTIMORE & OHIO RAILROAD COMPANY *v.* THE PUBLIC
SERVICE COMMISSION OF WEST VIRGINIA.

(No. 5342.)

Submitted January 27, 1925.    Decided September 22, 1925.

PUBLIC SERVICE COMMISSIONS—*Findings of Fact by Public
Service Commission Not Disturbed on Appeal, Except for
Arbitrary and Unjust Fixing of Rates Contrary to or
Without Evidence.*

Findings of fact by the Public Service Commission will
not be disturbed upon appeal to this Court, unless the Com-
mission has acted so arbitrarily and unjustly as to fix rates
contrary to evidence, or without evidence to support them.

Petition by the Baltimore & Ohio Railroad Company and
others, and petition by the Baltimore & Ohio Railroad Com-
pany to suspend and review certain orders of the Public Serv-
ice Commission fixing freight rates, considered together.

*Affirmed.*

*Wm. G. Conley, James Stillwell* and *Charles R. Webber,*
for petitioners.

*Charles Powell* and *Kemble White,* for respondent.

LITZ, JUDGE:

Upon an investigation of freight rates, the Public Service
Commission entered an order, October 22, 1924, directing the
Baltimore & Ohio Railroad Company, Pennsylvania Railroad
Company, Monongahela Railway Company and Western
Maryland Railway Company to establish a general rate not
in excess of $.55 per net ton for the transportation of coal in

the first traffic zone (territory within a radius of practically seven miles from cities or towns in the vicinity of which coal is mined), as marked out in the tariffs filed by said carriers; and also requiring the Baltimore & Ohio Railroad Company to put into effect a special rate not exceeding $.42 per net ton for the carriage of coal within the switching limits of Clarksburg and Fairmont.

Another order was entered by the Commission in the proceeding December 17, 1924, requiring the Baltimore & Ohio Railroad Company to establish a special rate not exceeding $.40 per net ton on coal transported from the Consolidation Mines Nos. 22, 43 and 63 at Monongah to the plant of the Domestic Coal Corporation, Marion county, within the first zone, a distance of approximately nine miles. From 1920 to the entry of the orders under consideration the rate on coal from any point to another within the first zone was $.64 per net ton.

The carriers affected have applied to this Court for review and suspension of the orders aforesaid.

The inquiry was instituted by the Commission January 12, 1922, to determine whether or not there should be any change in intra-State rates. Shippers, consignees and numerous chambers of commerce, in the State, appeared at the hearings and offered evidence of the unreasonableness of short haul coal rates, while the carriers tendered proof to support the existing charges; and upon consideration by the Commission of a voluminous record so made, the orders complained of were entered.

The rates prescribed are criticized as (1) being unreasonable and unjust to the protesting carriers, (2) creating an undue and unreasonable preference in favor of those who may take advantage of the rates against others not so situated, and (3) giving an undue and unreasonable advantage and preference to traffic within the State over interstate commerce.

The solution of these propositions involve but one question, whether under the evidence the rates are just and reasonable.

The Public Service Commission Act, Chapter 15-O Code, which confers upon the Commission plenary power over all intra-state rates, facilities and services, in Section 4 provides, among other things, that all charges, tolls, fares and rates shall be just and reasonable. Section 5 authorizes the Commission to change any intra-state rate, charge or toll which is unjust and unreasonable, prescribe such rate, fare, charge or toll as would be just and reasonable, and change or prohibit any practice, device or method of service in order to prevent undue discrimination or favoritism as between persons, localities or classes of freight.

Those interested in the reduction of rates adduced much evidence for the purpose of showing the cost of the service involved and of comparing the charges under investigation with other rates. The consideration of this proof and the testimony of the carriers criticizing its weight and application, involved a substantial issue of fact peculiarly within the province of the Commission. We can not substitute our judgment for that of the Commission on the weight of evidence. Its findings are presumed to be reasonable, lawful and correct; and will therefore not be set aside on appeal to this Court unless clearly against the weight of the evidence. Pond on Public Utilities, 3d ed., Sec. 919. ''Findings of fact by the public service commission based upon evidence to support them, generally will not be reviewed by this Court.'' *United Fuel Gas Co.* v. *Public Service Commission,* 73 W. Va. 571; *Mill Creek Coal Company* v. *Public Service Commission,* 84 W. Va. 662; *City of Charleston* v. *Public Service Commission,* 86 W. Va. 536; *City of Huntington* v. *Public Service Commission,* 89 W. Va. 703; *Baltimore & Ohio R. R. Co.* v. *Public Service Commission,* 90 W. Va. 1. Nor will such findings be disturbed on appeal unless the Commission has acted so arbitrarily and unjustly as to fix rates contrary to evidence, or without evidence to support them. *Interstate Commerce Commission* v. *Union P. R. Co.,* 222 U. S. 541, 547; *United Fuel Gas Co.* v. *Public Service Commission,* cited. The value of evidence in rate proceedings varies, and the weight to be given to it is peculiarly for the body experienced in

regard to rates, and familiar with the intricacies of rate making. *Interstate Commerce Commission* v. *L. & N. Railway Co.,* 227 U. S. 88.

Cost of the service and comparative rates, to which the proof is directed, constitute proper basis for rate regulation. Section 5 of the Act aforesaid provides that "In no case shall the rate, toll or charge be more than the service is reasonably worth, considering the cost thereof". Moreover, the Commission has power to establish a schedule of rates independently of the proposed schedules submitted by the shippers and the railroad, although the evidence in support of the rates proposed is confined to comparison with other rates, since the Commission is as competent to draw conclusions from comparisons as are the interested parties. *Norfolk & Western Railway Co.* v. *Public Service Commission,* 90 W. Va. 265.

Without attempting in this opinion a detailed analysis of the great mass of evidence, we have decided to sustain the rulings of the Public Service Commission.

*Affirmed.*