## CHESAPEAKE & OHIO RAILWAY COMPANY v. THOMPSON MANUFACTURING COMPANY.

CERTIORARI TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

No. 178. Argued January 27, 1926.—Decided March 8, 1926.

1. The statement that the basis of a carrier's liability for goods lost or damaged in transit is " presumed negligence " is in effect only a statement of substantive law that the carrier is liable unless the loss or damage was due to the act of God or the public enemy, or the nature of the goods. P. 421.

2. The second proviso of the " Cummins Amendment " relieves shippers from filing notice of claim, etc., where damage to goods in transit is due to the carrier's " carelessness. or negligence," only when the damage is due to the carrier's negligence in fact. P. 422.

3. The burden of proof is on the shipper to establish negligence within the meaning of the proviso. P. 422.

4 Evidence that goods were shipped in good condition and delivered in bad condition, makes a *prima facie* case. P. 422.

5. But where, to rebut such *prima facie* showing, the carrier introduced evidence of the condition of the cars in which the goods

were shipped, tending persuasively to exclude the possibility of negligence, it was error to instruct the jury that, if the damage was not due to the act of God or the public enemy or to the inherent condition of the goods, they might return a verdict for the shipper. P. 423.

99 W. Va. 670, reversed.

CERTIORARI to a judgment of the Supreme Court of Appeals of West Virginia which affirmed a recovery of damages by the appellee in an action against the Railway Company for damage to goods *in transitu.*

*Mr. C. N. Davis,* with whom *Mr. C. W. Strickling* was on the brief, for petitioner.

Under the second proviso of the Act of Congress, filing of claim is dispensed with when damage results from carelessness or negligence. *Barrett* v. *Van Pelt,* 268 U. S. 85; *Davis* v. *Roper Lumber Co.,* 269 U. S. 158. When a shipper shows delivery of goods to a carrier in good condition, and non-delivery or delivery to the consignee in damaged condition, there arises a *prima facie* presumption of liability. Many of the courts have said that this presumption is a presumption of negligence. But it was certainly not the intention of Congress to exempt shippers from their duty to give to carriers reasonable notice of claims where such claims were based on a mere *prima facie* presumption. Whether this presumption be called a presumption of negligence or one of liability is immaterial, as it is based entirely upon the peculiar relation that exists between shippers and carriers, which makes a carrier an insurer of goods entrusted to it for transportation, and, in case of loss, injury or damage to such goods, imposes upon it the burden of showing that such loss resulted from one of the so-called excepted risks. In such cases liability is not imposed upon carriers because of negligence, but is imposed upon them because, as insurers, they must either deliver goods entrusted to them in the same condition as when they

100569°—26——27

were received, or show affirmatively that their failure to make such delivery was the result of one of the causes coming under the excepted risk classification.

In this case the carrier had no notice of anything that might lead it to believe that any claim might be expected. The phrase " by carelessness or negligence " applies to all classes of claims,—loss, damage or injury. The rule of proof, which gives rise to a presumption against the carrier, would, if the holding of the court below were followed, entirely relieve all shippers from filing claims where there was either a loss, damage or injury; because the presumption is exactly the same, whether the claim be one of loss, or damage or injury. It was not the intention to exempt a shipper from filing claim where there was a damage in transit and no proof of negligence or carelessness other than such *prima facie* presumption. *Hailey* v. *Oregon Short Line R. Co.*, 253 Fed. 569; *Gillett Safety Razor Co.* v. *Davis*, 278 Fed. 864; *Cunningham* v. *Missouri Pacific R. Co.*, 291 S. W. 1003.

*Mr. Henry Simms*, with whom *Mr. Lewis A. Staker* was on the brief, for respondent.

The common carriers are conclusively presumed as a matter of law to be guilty of carelessness or negligence in the handling of shipments of freight in their possession unless in the absence of proof that the loss, damage or injury to the goods was caused by one of the exceptions, which are, acts of God, acts of public enemy, or causes due to the inherent or intrinsic nature of the shipments. *Hall* v. *Nashville & Chattanooga Ry. Co.*, 13 Wall. 367; *The Majestic*, 166 U. S. 375; *The Caledonia*, 157 U. S. 124; *The Edwin I. Morrison*, 153 U. S. 199; *Memphis, etc., R. Co.* v. *Reeves*, 10 Wall. 176; *Clark* v. *Barnwell*, 12 How. 272; 10 Corpus Juris, Carriers, § 576; *Natl. Rice Mill Co.* v. *New Orleans, etc., R. Co.*, 132 La. 615; *Collins* v. *Denver, etc., R. Co.*, 181 Mo. App. 213.

*Hall* v. *Nashville & Chattanooga Ry. Co., supra,* holds that, where goods are delivered to the carrier in good condition and are delivered by the carrier in bad condition at the point of destination it raises a conclusive presumption of misconduct and breach of duty on the part of the carrier; and this can only mean that it raises a conclusive presumption of negligence and carelessness on the part of the carrier. It is conceded that the respondent proved that the goods were delivered to the petitioner in good condition. The jury in finding their verdict in favor of respondent passed upon the question of negligence and decided that the railroad company was guilty of negligence in legal effect exactly the same as if there had been positive and affirmative proof of the exact cause of the damage in transit.

No one should assume that Congress in enacting the First Cummins Amendment intended to destroy the common law presumption of negligence in cases similar to the case at bar; nor should anyone assume or argue that it was the intent of Congress to change the rules of evidence as they existed in such cases. " Carelessness and negligence " as used in the Amendment include all classes of carelessness and negligence, both such as must be affirmatively proved, as in *Barrett* v. *Van Pelt,* 268 U. S. 85, and such as is conclusively presumed.

MR. JUSTICE STONE delivered the opinion of the Court.

The respondent, a corporation, brought suit in the Circuit Court of Cabell County, West Virginia, to recover from petitioner, a common carrier, for damage to an interstate shipment of goods. The case was twice tried. See *Thompson Manufacturing Co.* v. *Railroad,* 93 W. Va. 3. The second trial before a jury resulted in a judgment for the respondent, which was affirmed by the Supreme Court of Appeals of West Virginia, 99 W. Va. 670. This court granted certiorari, 267 U. S. 588. Jud. Code, § 237.

Petitioner supplied respondent, at its request, with two box cars for the transportation of a quantity of sheet iron gas stoves in car load lots from Huntington, West Virginia, to Kansas City, Missouri. The stoves were shipped by respondent in good condition on interstate bills of lading purporting to exempt the carrier from liability unless claims for damage "be made in writing to the carrier within four months after delivery of the property." Upon arrival, many of the stoves were found to be damaged by rust and unsalable. Respondent brought the present suit more than four months after the delivery of the stoves, setting up in its amended declaration that the damage was caused by the negligent conduct of the petitioner. At the trial, the respondent made no attempt to show compliance with the requirement of the bill of lading for written notice of its claim to the carrier, and relied wholly on proof of the delivery of the stoves to the carrier in good condition and the delivery by the carrier at destination in a damaged condition, to establish its right to recover. Petitioner proved that the cars supplied were in weather-tight condition; that, after the goods were loaded on the cars, they were sealed at the point of shipment, and that they arrived at destination in the same weather-tight condition, with seals unbroken.

The case turns on the meaning and application, in the circumstances, of the last proviso of the so-called Cummins Amendment, Act of March 4, 1915, 38 Stat. 1196, 1197, c. 176, amending the Interstate Commerce Act of February 4, 1887, c. 104, 24 Stat. 379, as amended by § 7 of the Act of June 29, 1906, c. 3591, 34 Stat. 584, 593. The last two provisos of the Act, as construed in *Barrett* v. *Van Pelt*, 268 U. S. 85, read as follows:

"Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a

shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded or damage in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

If respondent does not bring the case within the terms of the final proviso, its failure to give written notice of claim will bar it from recovery. See *Georgia, Florida & Alabama Ry. Co.* v. *Blish Co.,* 241 U. S. 190; *Barrett* v. *Van Pelt, supra; Davis* v. *Roper Lumber Co.,* 269 U. S. 158.

It was argued by petitioner in the state court, as it argues here, that, as respondent offered no direct evidence that the damage to the goods in transit was caused by negligence of petitioner, respondent did not show compliance with the requirements of the Cummins Amendment for relieving the shipper from the necessity of filing its claim in writing with the carrier. On the other hand, it is argued by the respondent that every carrier receiving goods for carriage in good condition, and returning them in bad condition, is conclusively presumed to have been negligent and is liable for the damage resulting from its negligence, unless the injury was caused by the act of God, the public enemy, or the act of the shipper, or the nature of the goods themselves; that, as the evidence and the verdict of the jury established that the damage was not due to any of these causes, the carrier's negligence was to be conclusively presumed, and no notice of claim was necessary under the provisions of the Cummins Amendment.

It is sometimes said that the basis of the carrier's liability for loss of goods or for their damage in transit is "presumed negligence." *Hall & Long* v. *Railroad Companies,* 13 Wall. 367, 372. But the so-called presumption

is not a true presumption, since it cannot be rebutted, and the statement itself is only another way of stating the rule of substantive law that a carrier is liable for a failure to transport safely goods intrusted to its care, unless the loss or damage was due to one of the specified causes. See *Railroad Co.* v. *Reeves,* 10 Wall. 176, 189; *Railroad Co.* v. *Lockwood,* 7 Wall. 357, 376; *Bank of Kentucky* v. *Adams Express Co.,* 93 U. S. 174, 181.

We do not consider that the phrase " carelessness or negligence " of the carrier, as used in the Cummins Amendment in exempting shippers from giving written notice of a claim for damage, has any reference to the conclusive " presumption " to which we have referred. If such were the meaning of the statute, every case of carrier's liability for damage in transit would be a case of presumed negligence, and proof of written notice of claim for damage required by the bill of lading would always be dispensed with, and the plain purpose of the amendment would be defeated. We think that by the use of the words " carelessness or negligence," it was intended to relieve the shipper from the necessity of making written proof of claim when, and only when, the damage was due to the carrier's actual negligent conduct, and that by carelessness or negligence is meant not a rule of liability without fault, but negligence in fact. See *Barrett* v. *Van Pelt, supra.*

There is no language in the statute from which a purpose may be inferred to vary or limit the common law rules governing proof of negligence as a fact in issue, and the shipper may follow these rules when he seeks to show that no notice of claim was necessary.

The respondent therefore had the burden of proving the carrier's negligence as one of the facts essential to recovery. When he introduced evidence to show delivery of the shipment to the carrier in good condition and its delivery to the consignee in bad condition, the petitioner became subject to the rule applicable to all bailees, that

such evidence makes out a *prima facie* case of negligence. *Miles v. International Hotel Co.,* 289 Ill. 320; *Miller v. Miloslowsky,* 153 Ia. 135; *Dinsmore v. Abbott,* 89 Me. 373; *Railroad Co. v. Hughes,* 94 Miss. 242, 246; *Hildebrand v. Carroll,* 106 Wis. 324. The effect of the respondent's evidence was, we think, to make a *prima facie* case for the jury. See *Sweeney v. Irving,* 228 U. S. 233; *Haines v. Shapiro,* 168 N. C. 34, 35; *Sims v. Roy,* 4 App. D. C. 496, 499. But even if this "*prima facie* case" be regarded as sufficient, in the absence of rebutting evidence, to entitle the plaintiff to a verdict (*Bushwell v. Fuller,* 89 Me. 600, 602, 603; *Cogdell v. Railroad,* 132 N. C. 852), the trial court erred here in deciding the issue of negligence in favor of the plaintiff as a matter of law. For the petitioner introduced evidence of the condition of the cars from the time of shipment to the time of arrival, which persuasively intended to exclude the possibility of negligence.

The trial court properly submitted to the jury the question whether the damage was due to an act of God or the public enemy or to the inherent condition of the stoves, since upon the answer to it depended the liability of the carrier provided the shipper was entitled, under the Cummins Amendment, to maintain suit without giving the stipulated notice. But the court erroneously instructed the jury that if they found that the damage was not due to these causes, they might return a verdict for the respondent, thus, in effect, resolving the issue of negligence in favor of the respondent.

The judgment must therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*