### 17281.   ATLANTIC COAST LINE RAILROAD CO. *v.* VARNER.

DECIDED FEBRUARY 14, 1927.

Damages; from Worth superior court—Judge Eve.   March 6, 1926.

*Perry & Tipton, Pope & Bennet,* for plaintiff in error.

*J. S. Ridgdill,* contra.

BELL, J.   Varner recovered a verdict against the railroad company for alleged damage to an interstate shipment of watermelons. The company's motion for a new trial was overruled, and it excepted.   Only two points of several raised in the motion for new trial are insisted upon by counsel for the plaintiff in error.

1.   The first question is, where, as here, the bill of lading for an interstate shipment requires, as a condition precedent to liability, that notice of the claim be presented within six months, is such stipulation complied with by the filing of suit within that period? In the present case the only claim by the plaintiff was by suit within less than six months after the delivery of the property, and the trial court charged the jury that this was a sufficient compliance with the stipulation of the bill of lading for the making of a claim within such period, and on this instruction the defendant assigns error.   In Williamsport Lumber Co. *v.* Baltimore &c. R. Co., 71 W. Va. 741 (77 S. E. 333), the Supreme Court of Appeals of West Virginia said, among other things, that a stipulation such

Carriers, 10 C. J. p. 333, n. 78; p. 371, n. 52; p. 389, n. 97.

as the one here under consideration affords reasonable notice to the carrier, admonishing it "of liability which it may avoid by finding and delivering the lost goods, or by adjusting the loss with the owner without litigation." But in Barrett *v.* Van Pelt, 268 U. S. 85 (45 Sup. Ct. 437, 77 L. ed. 333), the Supreme Court of the United States said, "Notice and filing of claim warns the carrier that there may be need to make investigations which otherwise might not appear to be necessary; and if notice of claim is given and filing of claim is made within a reasonable time it serves to enable the carrier to take timely action to discover and preserve the evidence on which depends a determination of the merits of the case." The purpose as thus expressed would be fully subserved by the presentation of the claim in the form of suit. Clauses in contracts like that under consideration have been held complied with by the bringing of suit within the time specified. 10 C. J. 336, and cases cited. It is pointed out by counsel for plaintiff in error that in none of the cases referred to in this text was the stipulation contained in an interstate bill of lading, to be construed, as this one must be, under Federal statutes. It is also urged that since the carrier is a public-service corporation, under strict governmental regulation, whose expenses and losses must be ultimately borne by the public in the form of freight and passenger tariffs, the stipulation as to notice, as a condition precedent to liability, in its interstate bills of lading, should, in order that these tariffs may be kept as low as possible, be given a construction favorable to the carrier. We are aware of no law under which a contract to which even the State is a party is to be interpreted more favorably to the State or by a different rule from that which would obtain as between individuals.

Section 411 of the Civil Code of Georgia (1910) provides that "All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred." The courts of this State have several times held that the bringing of suit within this time limit is a sufficient presentation of the claim within the meaning of this section. *Dement* v. *DeKalb County*, 97 *Ga.* 733 (25 S. E. 382); *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651); *Mitchell County* v. *Dixon*, 20 *Ga. App.* 21 (92 S. E. 405); *Pearson* v. *Newton County*, 119 *Ga.* 863 (147 S. E. 180); *Godfrey* v. *Jefferson County*, 21 *Ga. App.*

384 (94 S. E. 604). And yet, in construing this section, the courts had for consideration the rights of the individual on the one hand and those of the public on the other. In the absence of any adjudication by the Supreme Court of the United States and of any precedent in this State on the subject, we think the principle of the cases last above cited should govern our decision in this case.

Counsel for the plaintiff in error refer to the Texas case of Schaff v. Exstein, 270 S. W. 589, in which it was held that a claim filed with the wrong carrier and by it forwarded to the right carrier was not a compliance with the contract, and cite also the decision in Manby v. Union Pacific R. Co., 10 Fed. (2d) 327, to the effect that neither a letter inquiring or complaining about a diversion nor an oral conversation with the company's agent would be sufficient. In both of these instances, the plaintiff did *less* than what was required under the contract. In the present case, the plaintiff by suit did *more* than was required. The plaintiff could have filed his claim with the company, and also could have brought suit, both within the six months period. In that event, what would have been the value or necessity of the extrajudicial notice? We think the stipulation was not intended necessarily to allow the company an opportunity to avoid the cost and expense of litigation, and we must hold with the trial judge that suit was the equivalent of a claim within the meaning of the contract.

2. The next contention of the plaintiff in error is that the verdict for the plaintiff was contrary to law and the evidence, because there was no evidence showing that the damage was caused by the defendant or any of its connecting carriers. The bill of lading recited that the goods were received "in apparent good order," and the evidence showed that they arrived at destination in bad order. In the absence of anything in rebuttal, this evidence was sufficient to make a prima facie case of liability. See *Forrester* v. *Ga. R. Co.*, 92 *Ga.* 699 (19 S. E. 811); *Central R. Co.* v. *Hasselkus*, 91 *Ga.* 382 (3) (17 S. E. 838, 44 Am. St. 37); *Ohlen* v. *Atlanta & West Point R. Co.*, 2 *Ga. App.* 323 (58 S. E. 511); *Hartwell Ry. Co.* v. *Kidd*, 10 *Ga. App.* 771 (3) (74 S. E. 310); *Atlantic Coast Line R. Co.* v. *Thomasville Live Stock Co.*, 13 *Ga. App.* 102, 109 (78 S. E. 1019). See especially Chesapeake &c. R. Co. *v.* Thompson Co., 270 U. S. 416 (46 Sup. Ct. 318, 70

L. ed. 659). Moreover, there was testimony from the plaintiff as follows: "As to the general appearance of the car when I first opened it, some of the melons were standing on their ends, some of them were bursted open, some of them, the ends of them were driven into each other, and some of them were bruised up to where you could not sell them. The car seemed to have received a hard lick. Some of them seemed to be entirely crushed or mashed. They were mostly in one end of the car, apparently from the jolting or jarring of the car, and the car had been hit hard too." In view of this and the other evidence, and of the fact that the carrier offered no evidence in rebuttal, we think the evidence authorized the inference not only of damage at the hands of the defendant or a connecting carrier, but also of negligence. See *Southern Pacific Co.* v. *DiCristina, 36 Ga. App.* 433 (3). We are quite clear that the second contention of the plaintiff in error is without merit.

Adverting to the question first discussed above, if the evidence demanded a finding that the damage occurred in transit and by the defendant's negligence (which question it is unnecessary to decide in this case), then the court's charge that the filing of suit was the equivalent of notice within the terms of the bill of lading would not have afforded cause for a new trial, even though erroneous. See *Southern Pacific Co.* v. *DiCristina,* supra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*