**ATLANTIC COAST LINE R. CO. v. GEORGIA PACKING CO. et al.**

**No. 12009.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 31, 1947.

For prior opinion, see 164 F.2d 1.

W. W. Alexander, of Thomasville, Ga., V. E. Phelps, Asst. Gen. Sol., Atlantic Coast Line R. Co., of Wilmington, N. C., and G. L. Reeves, of Tampa, Fla., for appellant.

A. B. Conger, of Bainbridge, Ga., and E. P. McCollum, of Thomasville, Ga., for appellees.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

In their petition for rehearing, appellees misapply certain specified cases cited in the opinion. The cases of Chesapeake & Ohio R. Co. v. Martin,[1] Lancaster v. McCarty,[2] and Boston & Maine R. Co. v. Hooker[3] were not cited as authorities for determining the degree of care required of a carrier in transporting or refrigerating perishable goods. They were cited to illustrate in general the point that shipment of goods by rail interstate is subject to the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and that under the Act the responsibility assumed by the

---

[1] 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983.

[2] 267 U.S. 427, 45 S.Ct. 342, 69 L.Ed. 696.

[3] 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A.1915B, 450, Ann.Cas.1915D, 593.

carrier is fixed by the agreement made and contained in the bill of lading in accordance with published tariffs and regulations. They show in particular that the subjection covers all sorts of goods, and that the Act is supplemented by published tariffs and regulations with respect to many phases of transportation and shipment. Standard Hotel Supply Co. v. Pennsylvania R., D.C., 65 F.Supp. 439, cited with the above cases, lays down the law directly applicable to the case at bar with reference to the degree of care required in the transportation and refrigeration of perishable goods.

The case of Chesapeake & Ohio R. Co. v. Thompson Mfg. Co.,[4] although not in point with respect to all its facts, is cited for the particular treatment of a prima facie case of negligence based on a general allegation that goods delivered to a carrier in good condition were delivered to the consignee in bad condition. The court said: "But even if this 'prima facie case' be regarded as sufficient, in the absence of rebutting evidence, to entitle the plaintiff to a verdict * * *, the trial court erred here in deciding the issue of negligence in favor of the plaintiff as a matter of law. For the petitioner (defendant) introduced evidence of the condition of the cars from the time of shipment to the time of arrival, which persuasively tended to exclude the possibility of negligence." In that case defendant's rebutting evidence so weakened the prima facie case alleged as to make it a case for the jury. In our case, defendant went further to prove no negligence whatever, and, therefore, in the absence of any further proof by plaintiffs, was entitled to the verdict. National Dock & Storage Warehouse Co. v. United States[5] was cited only for the general discussion of burden of proof and burden of evidence.

On the other points raised by appellees, the opinion is deemed clear. It is to be taken to mean that since plaintiff's specific allegations were not proved at all; and since defendant's clear proof of no negligence in connection with the delays, protective service, and notification, was such that no generally alleged prima facie case of negligence could have stood against it, defendant was entitled to the verdict, and it was error on the part of the lower court to overrule defendant's motion for a directed verdict.

Rehearing denied.