**AUSTIN v. SEABOARD AIR LINE R. CO.**

No. 13448.

United States Court of Appeals
Fifth Circuit.

April 6, 1951.

P. Donald DeHoff, Jacksonville, Fla., for appellant.

Richard E. Cotton, L. S. Julian, Miami, Fla., for appellee.

Before HOLMES, McCORD and STRUM, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by R. S. Austin, trading and doing business as Evergreen

Christmas Tree Company at South Barre, Vermont, against Seaboard Air Line Railroad Company, a Virginia corporation, for failure to deliver in good condition a car load of Christmas trees to Miami Retail Grocers, Inc., at Miami, Florida.

The evidence reveals that on November 24, 1948, plaintiff delivered to the initial carrier at South Barre, Vermont, 606 bundles of spruce Christmas trees consigned to Miami Retail Grocers at Miami, Florida; that plaintiff loaded the shipment of trees into a heavy steel railroad box car provided by the initial carrier, and upon inspection found that the box car was in good and proper condition for the safe transportation of the shipment; that after the trees were loaded into the box car the car was fumigated, in accordance with the requirements of the United States Department of Agriculture, by turning into the car a liquid gas or chemical vapor designed to kill insects; that after fumigation of the car it was kept closed for several hours, and then opened and aired from four to eight hours, after which it was sealed tight to await shipment; that the car was delivered to Central Vermont Railway, Inc., and left South Barre, Vermont at 11 o'clock a.m. on November 26, 1948, and arrived in Miami, Florida, at 3:45 o'clock a.m. on Saturday, December 4, 1948; and that when the box car was opened at its destination, the inside of the car was wet, and heat and smoke in the car had caused all the Christmas trees to become burned and turn brown, so as to render the entire shipment a total loss.

It was shown that plaintiff had been in the Christmas tree business at South Barre, Vermont for about twenty years; that he bought and cut trees from sections in Vermont and Canada, and stacked them near the railroad siding at South Barre to await shipment from September to the last of November each year; that the trees comprising the shipment in question had been cut and left on the siding for sometime prior to their loading, and that heavy rains had made the trees wet and heavy to the extent that plaintiff had requested the carrier to make some allowance on the freight for this additional weight at the time of the shipment; that the temperature was approximately sixty degrees at the time and place of the shipment, but while the car was in transit and as it approached its destination the temperature increased to above eighty degrees. The evidence further discloses that the car containing the shipment was inspected by agents of the initial carrier, as well as by the plaintiff Austin; that further inspections were made along the route by each intervening carrier, and on each occasion the seal on the box car was found intact; and that the time required for delivery of the shipment was not unusual, but covered only a reasonable period.[1]

The case was tried by the court without the intervention of a jury, and the court found from the evidence that the trees were loaded in a wet condition; that their damp condition when loaded, combined with the gradual increase in temperature while the shipment was en route, contributed to or caused the damaged condition of the trees; that the injury to the shipment was not caused by the defendant or connecting carrier, but that all reasonable care and diligence had been exercised by the initial and connecting carriers in the transportation of the shipment, and the damage or loss was therefore not chargeable to defendant.

We are of opinion the district court properly held the defendant was not liable for the damage to this shipment. It is well settled that a carrier is not responsible for damage to a shipment caused solely by the operation of natural laws upon it, or by an act or default of the shipper which proximately causes the damage. Shapiro v. Penn. R. Co., 65 App. D.C. 324, 83 F.2d 581; Chesapeake & O. R. Co. v. A. F. Thompson Mfg.

---

1. R. M. Lewis, Supervising Freight Agent for the defendant carrier, testified:

"Q. Assuming a shipment of 606 bundles of Christmas trees loaded into a car at South Barre, Vermont on November 24, 1948, and leaving Barre on November 26, 1948, arriving in Miami on December 4, 1948, was that a reasonable or unreasonable time for the transportation of that shipment? A. We consider it very excellent time due to the volume of carload business moving at that time of year."

Co., 270 U.S. 416, 423, 46 S.Ct. 318, 70 L. Ed. 659. 13. C.J.S., Carriers, § 79a, pp. 152, 153; 9 Am. Jur., Carriers, Sec. 728, p. 865.

Here, it was shown that the trees were loaded by plaintiff, and that an inspection was made by him before delivery of the shipment to the initial carrier. The box car furnished was in good condition, and was the type air-tight car ordered by plaintiff. Moreover, it is without dispute than after loading, the car was sealed, and that the shipment arrived at its destination with the seals unbroken.[2] The evidence conclusively reveals that there was no unreasonable delay in the delivery of the shipment. Under such circumstances, the proof is more than adequate to overcome any inference of negligence on the part of the carrier, and the loss of the shipment must therefore be borne by the shipper. Chesapeake & O. R. Co. v. A. F. Thompson Mfg. Co., 270 U.S. 416, 423, 46 S.Ct. 318, 70 L.Ed. 659; see also, Atlantic Coast Line R. Co. v. Georgia Packing Co., 5 cir. 165 F.2d 169, 170.

We find no merit in the contention that because another car of Christmas trees left the point of shipment at the same time and in the same train as the shipment in question, and arrived in Miami undamaged, that defendant was therefore negligent in handling the damaged shipment in suit. It was not shown that the shipment in the other box car contained trees which were as old or as wet as the trees comprising the shipment in controversy. There is evidence that the damaged trees were cut a good length of time before they were shipped, and it is practically without dispute that they were loaded in an almost air-tight box car by plaintiff in an excessively wet condition. It becomes patent that the heat and moisture in the car combined to scorch and damage the shipment en route without any fault on the part of the carrier. We therefore conclude there is no substantial evidence of

negligence on the part of this defendant which proximately caused the loss of the shipment, and it is therefore not liable. Chesapeake & O. R. Co. v. A. F. Thompson Mfg. Co., 270 U.S. 416, 46 S.Ct. 318, 70 L. Ed. 659.

The judgment is affirmed.

---

2. B. G. Hawks, Yard Conductor in the Transportation department of defendant, testified:

"Q. Were the doors on car ATSF–271894 (upon arrival) intact or closed? A. Yes, sir.

"Q. Were the seals intact? A. Yes, sir.

"Q. Did those conditions prevail at the time you placed the car at the Miami Retail Grocery Company's place of business? A. Yes, sir."