**POSINS', Inc., a corporation, Appellant,**

**v.**

**RAILWAY EXPRESS AGENCY, Inc., a corporation, Appellee.**

**No. 1670.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 1, 1955.

Decided Sept. 23, 1955.

David C. Bastian, Washington, D. C., with whom Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Posins', Inc., sued for the value of meats. alleged to have spoiled because of the negligence of defendant Railway Express Agency, Inc. · The evidence showed that Wilno Kosher Sausage Co., of Chicago, prepared and packed a shipment consisting of two barrels of pickled meat and a box

of meat called Krisp-It[1] and delivered it to defendant for carriage to plaintiff at Washington. Defendant received the shipment in Chicago on September 9, 1954, and it arrived in Washington on Saturday, September 11. On September 13 the two barrels were delivered to plaintiff and the box was delivered on the 14th. Upon inspection after delivery plaintiff and defendant's inspector agreed that the Krisp-It had spoiled. There was some dispute as to the degree of spoilage of the pickled meat which plaintiff claimed was unfit for sale in its business. The entire shipment was sold by plaintiff to a renderer for $1.15, and plaintiff then brought this suit for the balance of the invoice price, $418.05. The trial court, sitting without a jury, made a general finding for defendant and this appeal followed.

Although plaintiff disclaimed knowledge of what caused the damage and took the position that it was not bound to prove any specific act of negligence, it would appear from plaintiff's testimony that lack of refrigeration was the probable cause of spoilage. The pickled meat was packed in barrels containing chilled brine and marked "Perishable, rush delivery." The Krisp-It was packed in a box containing dry ice and marked "Keep refrigerated." The shipper did not request refrigeration and it is conceded that the carrier was under no duty to refrigerate unless such service was requested and paid for.

It is plaintiff's position on this appeal that it made out a prima facie case by proof of delivery of the shipment to defendant in good condition and delivery by defendant to plaintiff in bad condition, and that thereby defendant was under the duty of offering proof of due care on its part, which it failed to do. See Chesapeake & O. R. Co. v. A. F. Thompson Mfg. Co., 270 U.S. 416, 46 S.Ct.

318, 70 L.Ed. 659; Chesapeake & Ohio Ry. Co. v. Gilbert, D.C.Mun.App., 83 A.2d 327. Plaintiff's proposition is necessarily based on the assumption that it established by competent proof the delivery to defendant in good condition. Defendant contends that it did not.

Plaintiff's only proof of delivery to defendant in good condition was the testimony of an employee of the shipper who was present in the shipper's plant during the time of preparation and packing of the shipment. The witness was unable to testify as to the condition of the particular shipment here involved, but testified as to the methods of preparation and packing of meats customarily employed in the shipper's plant. Defendant objected to this testimony at trial and here contends that evidence of procedure customarily followed is insufficient to prove the condition of a particular shipment. Defendant relies on Reuther's Seafood Co. v. Railway Express Agency, La.App., 71 So.2d 419, wherein it was held in an action similar to the present one that it was necessary to prove the actual condition of the particular shipment, and that it was not enough to merely prove that it was customary to inspect all shipments and to put into them only merchandise in good shipping condition. We think we should not go so far. We hold that plaintiff's testimony was admissible, but in view of its generality, coupled with the witness's admission that he was not an expert on the pickling of meat or the way it should be packed for shipment, we also hold that the trial judge was not compelled to find that plaintiff carried its burden of proving delivery to the carrier in good shipping condition.

Affirmed.

---

[1]. This item is referred to in some places in the record as smoked sausage; in other places it is referred to as a substitute for bacon.