HAMILTON MANUFACTURING COM-
PANY, a corporation, Plaintiff-
Appellee,

v.

CHICAGO AND NORTH WESTERN
RAILWAY COMPANY, a corpora-
tion, Defendant-Appellant.

No. 12884.

United States Court of Appeals
Seventh Circuit.

May 4, 1960.

John J. Ottusch, Milwaukee, Wis., Edward H. Borgelt, and Donald R. Peterson, Milwaukee, Wis., for appellant.

A. F. Rankin, Manitowoc, Wis., for appellee.

Before DUFFY and CASTLE, Circuit Judges, and MERCER, District Judge.

CASTLE, Circuit Judge.

This is an action brought pursuant to Title 49 U.S.C.A. § 20(11) as amended, by the consignee of an interstate shipment of steel sheets to recover for rust damage allegedly caused by the negligence of the defendant, a common carrier, which transported the steel from Indiana Harbor, Indiana, to Two Rivers, Wisconsin. The action against Inland Steel Company, the consignor, has heretofore been dismissed without prejudice by the plaintiff.

The cause was tried before a Court without a jury and the issues having been tried the Court gave judgment for the plaintiff in the amount of $1720.56.

On February 11, 1954 the plaintiff ordered and purchased rolled sheet metal from the Inland Steel Company for use by the plaintiff in its manufacturing business. The steel was bundled into 10,000 pound lifts, each lift containing several sheets of steel. The steel in the lifts was held together by metal bands. Prior to being banded in the lifts, the sheets of steel had been oiled by Inland Steel pursuant to the instructions of the plaintiff. The lifts of sheet steel were loaded by Inland Steel employees onto a railroad car on February 11, 1954. Pursuant to instructions of the plaintiff the steel was shipped unwrapped in an ordinary box car. No heater service was requested by Inland Steel or the plaintiff and no such service was supplied. The evidence showed that the plaintiff's steel was in an unrusted condition at the time of delivery to the carrier and that the car was sealed by the Inland Steel Company when the loading was completed. The box car containing the plaintiff's steel was transported by the defendant and its connecting carriers from Indiana Harbor, Indiana to Two Rivers, Wisconsin, arriving at Two Rivers on February 17, 1954. The evidence shows that on February 18th the car was inspected by

plaintiff's employees and found to be in good condition with the seal still intact. When the car was opened by plaintiff's employees it was discovered that the steel was wet from condensation. The steel had rusted. The rust was present on each sheet of steel and extended from the edges in about 1½ to 2 inches from all sides. It was not unusual to find some rusting in shipments of this kind. However, there was more rust than usual in this shipment and it extended further in on each sheet. The rusting made it necessary to have the steel reconditioned at a cost of $1720.56.

It was stipulated by counsel:

"That the rust damage found on the steel in question was caused by natural condensation of water onto the steel. The result of natural weather conditions along the route".

The contested issues are:

1. Did the trial court err in failing to find that the damage to plaintiff's steel was caused by its inherent nature or vice?

2. Does a carrier have the burden of proving its freedom from concurring or contributing in negligence when it has established that the damages to the shipper's goods resulted from the inherent vice or nature of the goods?

The box car furnished was in good condition and was the type of car ordered by the plaintiff, moreover, it was without dispute that after loading the car was sealed and shipment arrived at its destination without the seals broken. The evidence conclusively shows that there was no unreasonable delay in the delivery of the shipment.

 The stipulation together with the testimony of plaintiff's witnesses establishes that the rusting of the steel and resulting damage was due to the inherent nature of the steel, i. e., its natural tendency to rust from moisture caused by condensation due to temperature changes. On the facts disclosed by the record it is apparent that the loss occurred solely by the operation of natural laws upon the steel. Where such is the case the carrier is not liable. Chesapeake & Ohio Ry. Co. v. Thompson Manufacturing Co., 270 U. S. 416, 421, 46 S.Ct. 318, 70 L.Ed. 659. Secretary of Agriculture v. United States, 350 U.S. 162, 173, 76 S.Ct. 244, 100 L.Ed. 173. Austin v. Seaboard Air Line Ry. Co., 5 Cir., 188 F.2d 239, 240.

The burden was on the plaintiff to establish that some negligence of the defendant carrier concurred in or contributed to the damage. No such proof was made and under the circumstances disclosed by the record the defendant was entitled to appropriate findings of fact, conclusions of law and judgment dismissing the complaint without costs.

Our disposition of this appeal is reached after full consideration of all the suggested contested issues but it is unnecessary in our judgment to discuss each one of them.

The judgment is reversed.

Reversed.