FLORENCE BANANA CORP., Appellant,

v.

PENNSYLVANIA RAILROAD, Appellee.

No. 3336.

District of Columbia Court of Appeals.

Argued Oct. 28, 1963.

Decided Nov. 20, 1963.

Leonard C. Collins, Washington, D. C., for appellant.

Paul F. McArdle, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Florence Banana Corporation appeals from a judgment upon a directed verdict for appellee in a suit seeking the value of a carload of apples alleged to have been spoiled by negligence in transportation by the carrier.

In early January, 1960, appellant bought four carloads of apples in the state of Washington for shipment east by railroad. Inspections were made of the fruit by the U. S. Department of Agriculture on January 6, 1960, and on April 12, 1960. The apples were shipped at different times; the last carload here involved was moved on May 27, 1960. Appellant claims that the apples in this carload were unspoiled when delivered for shipment, but as a result of the negligence of the carrier in icing and checking the car en route, they arrived here in improper condition.

The only evidence offered by appellant was the testimony of one witness, the owner of the corporate shipper, who was not present when the apples were purchased, or inspected, or shipped, and who was held by the trial judge, and properly so, incompetent to testify as to his understanding of the contents of certain official inspection reports from the Agriculture Department. Neither the inspectors nor any person who had examined or handled the apples immediately precedent to shipment on May 27, 1960, was called as a witness. The inspection reports, although denied admission at trial because "too remote in time to be ma-

terial," were thereafter considered by the trial judge in passing upon the sufficiency of all evidence to make a prima facie case for appellant, and found to be of little probative value without a fair explanation of their contents.

■ It is conceded that the railroad as carrier of perishable goods was subject to the rule, applicable to all bailees, that if goods arrived at their destination in a damaged state, proof of their delivery to the carrier in good condition establishes a prima facie case of negligence, which must be rebutted by competent evidence from the carrier. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 7th Cir., 313 F.2d 864, 867; Delphi Frosted Foods Corp. v. Illinois Cent. R. Co., 6th Cir., 188 F.2d 343, 346; Posins', Inc. v. Railway Exp. Agency, D.C.Mun.App., 117 A.2d 118, 119.

The only question before us is whether there was sufficient competent evidence produced by appellant upon which a jury could base a finding as to whether the fruit had been delivered to the carrier on May 27, 1960, in good condition. There was no direct evidence on this point. The last inspection prior to delivery to the railroad for shipment was April 12, 1960. The fact that the other carloads, shipped at different times and prior to the carload here, arrived undamaged did not prove that when this carload was moved on May 27, 1960, the apples were in good condition.

■ We are in accord with the ruling of the trial judge that the evidence, considered in the light most favorable to the appellant, was insufficient in law to prove delivery to the carrier in good condition. Absence of this essential element was fatal to appellant's claim. To submit to the jury upon this meager evidence the question of whether the apples were in good condition at time of their delivery to the shipper would have required mere conjecture or guesswork on their part in order to reach an answer. Armour Research Found. of Ill. Institute of Technology v. Chicago, R. I. & P. R. Co., 7th Cir., 311 F.2d 493, 494.

We hold that the general testimony of the one witness, plus the inspection reports, unexplained, and the fact that appellant did not make a satisfactory showing that the fruit was delivered to the carrier in good condition (the inspection six weeks before did not suffice for that purpose), failed to establish a prima facie case warranting submission to the jury. The directed verdict was therefore proper and is

Affirmed.