Ashby Allen

*v.*

The Town of Pineville, a Municipal Corporation

*and*

Public Service Commission of West Virginia

(No. 12711)

Submitted April 16, 1968.          Decided June 25, 1968.

*Warren R. McGraw,* for petitioner.

*Maynard D. McDonnell,* Public Service Commission, for respondents.

Caplan, Judge:

This is an appeal from an order of the Public Service Commission, dated July 14, 1967, in a proceeding wherein the appellant, Ashby Allen, charged that the Town of Pineville, a municipal corporation, its officers, agents and employees were in contempt of a certain order of said Commission dated March 15, 1967.

Upon proper application, Ashby Allen, on November 16, 1959, received from the Public Service Commission, hereinafter called "Commission," a certificate of convenience and

necessity, designated P. S. C. M. C. Certificate No. F-4715, which authorized him to operate as a common carrier by motor vehicle in the transportation of trash, rubbish and garbage within the corporate limits of Pineville, Wyoming County, and from said area to a point of disposal. That certificate continues in effect, and, in fact, has been broadened to include some territory outside of Pineville. It is undisputed that Mr. Allen has continued to operate his garbage disposal business in accordance with the rights granted under Certificate No. F-4715 since the date of its issuance.

On September 12, 1966, the Town Council of Pineville passed an ordinance which authorized the town to collect and dispose of all trash, rubbish and garbage within the corporate limits. It was declared therein that all residents were deemed to be users of this service. The ordinance also prohibited any person or corporation from engaging in the collection and disposal of garbage and trash within the corporate limits on or after October 15, 1966. Since October 17, 1966, the Town of Pineville has actively engaged in the garbage collection business.

Ashby Allen, on October 20, 1966, filed a formal complaint with the Commission, charging that the Town of Pineville was unlawfully interfering with his rights under Certificate No. F-4715 and that said town was illegally engaged in the garbage collection business. After a hearing on this complaint the Commission entered an order dated March 15, 1967, which provided: "It is ordered that the Town of Pineville, a municipal corporation, its officers and employees, shall cease and desist from interfering with the collection of trash, rubbish and garbage within the Town of Pineville, by Ashby Allen, when said operations are conducted under the authority contained in P. S. C. M. C. Certificate No. F-4715, and in all other respects the proceeding upon said complaint is hereby dismissed."

Prior to the entry of the foregoing order the Commission made certain findings. One was that the ownership of the involved motor vehicle was in the Town of Pineville.

Another was that the town was within the exemption provided in Code, 1931, 24A-1-3, as amended. A third finding was that the Town of Pineville "should not enforce its ordinance in such a manner as to interfere, and should be prohibited from interfering, with the operations of Ashby Allen * * *."

Alleging that the Town of Pineville, its officers, agents and employees failed and refused to comply with the terms of the order of March 15, 1967, Ashby Allen, on May 1, 1967, filed a petition with the Commission asking that said town and its officers be held in contempt. A hearing on this petition was held on June 16, 1967, resulting in the order of July 14, 1967, dismissing the proceeding, reversal of which is here sought.

The sole question on this appeal is whether or not the Public Service Commission, by its order of July 14, 1967, erred in holding that the Town of Pineville was not in contempt of its order dated March 15, 1967. It is the position of the appellant, Ashby Allen, that the Commission is charged with the responsibility of regulating the operation of all public utilities, including the Town of Pineville when it engages in the business of collecting and disposing of trash, rubbish and garbage. Therefore, says the appellant, the operation of a garbage disposal business by the Town of Pineville, without first obtaining the appropriate certificate of convenience and necessity, constitutes an illegal interference with the business of a properly certificated carrier.

The Commission asserts that the question of whether or not the Town of Pineville was exempt from regulation under the provisions of Code, 1931, 24A-1-3, as amended, was decided by it in its order of March 15, 1967; that no appeal was taken from that decision; that the time in which such appeal could have been taken has expired; and that such question is not now before this Court. It says the only question on this appeal is whether or not the Town of Pineville is in contempt for its alleged refusal to comply with the terms of the Commission's March 15, 1967 order.

The July 14, 1967 order of the Commission reflects the following findings:

"1. The Town of Pineville is not guilty of contempt of an order of this Commission as charged in the complainant's petition.

2. It is recommended that the Town of Pineville give notice to all of its residents that it will not render trash, rubbish, and garbage service to those who notify the Town they don't want such service from the Town."

It was then therein ordered that the proceeding be dismissed. In the "Comments of the Commission," contained in the aforesaid order, the evidence was discussed and it was noted, "on the basis of the record in this case, we conclude that the defendant is not guilty of contempt as charged."

From the foregoing it is clear that the Commission made a factual finding that the Town of Pineville was not in contempt of its former order dated March 15, 1967. This finding cannot be disturbed on appeal unless it is contrary to the evidence or without evidence to support it or unless it is arbitrary or based upon a mistake of law. *The Baltimore & Ohio Railroad Company* v. *The Public Service Commission*, 99 W. Va. 670, 130 S. E. 131; *Baltimore & Ohio R. R. Co.* v. *Public Service Commission*, 90 W. Va. 1, 110 S. E. 475. See also *Wilhite, et al.* v. *Public Service Commission of West Virginia*, 150 W. Va. 747, 149 S. E. 2d 273; *United Fuel Gas Company* v. *The Public Service Commission of West Virginia*, 143 W. Va. 33, 99 S. E. 2d 1.

An examination of the record reveals the existence of evidence to support the Commission's findings. It must be remembered that the Commission's order of March 15, 1967 did not rule that the Town of Pineville could not engage in the business of collecting refuse. It was therein held that the town was exempt from regulation by the Commission, thereby providing that Mr. Allen and said town were free to compete with each other in the garbage disposal business. As written, the ordinance authorizing the Town of Pineville to engage in this business prohibited any other person

from competing with the town in such business. This, of course, would have caused the appellant to cease his operation under his P. S. C. certificate. However, the minutes of the Town Council reveal that the town is no longer enforcing the monopolistic provision of such ordinance. Furthermore, while the town did not advertise the fact, it informed the residents, when asked, that they were not required to use the town's disposal service. There is no claim nor was there any evidence that the town in any way interfered with Ashby Allen in the conduct of his business.

There is no allegation nor any evidence offered which would indicate that the Commission was arbitrary in its July 14, 1967 order. Neither was the ruling of the Commission in that order based upon a mistake of law. As stated, the only ruling of the Commission was that the Town of Pineville was not guilty of contempt. Upon this appeal, the appellant seeks adjudication of the question of whether or not the town is exempt from regulation by the Public Service Commission under the provisions of Code, 1931, 24A-1-3, as amended. This adjudication was made by the Commission in its order dated March 15, 1967. No appeal was taken from that order and the time for such appeal has now expired, Code, 1931, 24A-8-1, as amended. Therefore, the question raised by the appellant is not before this Court. The Commission found, on the basis of the evidence, that the Town of Pineville was not in contempt of its order of March 15, 1967.

In view of the evidence in the record of this case and in accordance with the authority cited above, this Court will not disturb the findings of the Public Service Commission. Therefore, the order of the Commission dated July 14, 1967 is affirmed.

*Affirmed.*