Missouri Pacific Railroad Company v. Martindale.

Opinion delivered June 9, 1919.

1. CARRIERS—LIVESTOCK—BURDEN OF PROOF OF NEGLIGENCE.—A shipper suing a carrier for damage to livestock in shipment is required merely to establish by a preponderance of the evidence an injury to the cattle and the amount thereof, and need not prove that the damage was caused by negligent delay in transportation.

2. CARRIERS—LIVESTOCK—LIABILITY OF CARRIER.—A carrier of livestock is an insurer against loss of every kind, except that occasioned by act of God, of the public enemy, of the public authority, of the shipper, or from the inherent nature of the cattle.

3. APPEAL AND ERROR—HARMLESS ERROR.—In a shipper's action for damage to livestock from negligent delay in transportation, the carrier cannot complain, on appeal, of an instruction basing the shipper's right of recovery upon unreasonable delay by the carrier; such instruction being favorable to the carrier.

4. APPEAL AND ERROR—REVIEW—THEORY OF CASE.—In a shipper's action for damages for livestock from negligent delay in transportation, the carrier cannot, on appeal, complain that the shipper was allowed to recover on the theory that the carrier was an insurer where the carrier's contractual and common-law liability was pleaded, and the shipper made all proof necessary to sustain that theory and the carrier was not prevented from introducing evidence to exempt itself from liability as insurer.

5. CARRIERS — UNREASONABLE DELAY — SUFFICIENCY OF EVIDENCE.— Evidence *held* to show unreasonable delay in transportation of livestock.

6. CARRIERS—INTERSTATE SHIPMENT—TIME FOR CLAIM AND SUIT.— Cummins' amendment to Interstate Commerce Act (U. S. Comp. Stat., § 8604a) prevents carriers of interstate shipments from contracting with shippers for notice of claims of less than 90 days or for filing claims for a shorter period than four months or for the institution of suits for a shorter period than 2 years.

7. CARRIERS—INTERSTATE SHIPMENT—NOTICE OF CLAIM.—The Cummins amendment (U. S. Comp. Stat., § 8604a), prohibiting carriers from contracting for a notice of claim in a shorter period than 90 days, is applicable to a notice regarding loss or injury, since the claim must be founded upon loss or injury.

Appeal from Nevada Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellant.

1. There was error in plaintiff's first instruction, and the error was not cured in any other. It fails to require the jury to find a causal connection between the unreasonable delay, if any, and the killing and injuries to the cattle, and not only is there no testimony from which the jury could infer such causal connection, but the affirmative testimony shows there was no such causal connection for it is undisputed in the evidence that there was no delay in transportation from Prescott to Hoxie and that the train was handled in ordinary and usual time as per schedule with no stops except to feed and rest, that there was no delay, reasonable or unreasonable, up to the time the train reached Hoxie. The evidence shows also that the principal part of the damage was done when the train reached Hoxie. The burden of proof was on plaintiff to show negligent delay. Where the ac-

tion is grounded on delay in transportation, plaintiff must prove delay in transportation and that it was negligent. 174 S. W. 1165; 112 Ark. 110-114; 103 *Id.* 522; *Ib.* 522.

It was error to strike out of appellant's second request the language as to the burden of proof as to the delay and negligence. Cases *supra.*

2. The testimony is not sufficient to sustain the verdict, no unreasonable delay is shown and the case was submitted solely on the ground of unreasonable delay, and that leaves the verdict without evidence to support it.

3. Defendant's request No. 6 should have been granted. It told the jury that the provision in the written contract which required plaintiff's written notice regarding loss or injury in time to enable defendant's agent to examine the stock before it was removed from the unloading pen or mingled with other stock was reasonable and binding, and as plaintiff did not give such notice the verdict should be for defendant as to all loss or damages on account of injuries and shrinkage in weight. This provision is reasonable and binding and failure to comply with it is a valid defense. 63 Ark. 332; 101 *Id.* 436; 127 Id. 261; 241 U. S. 190. The burden of proof is upon plaintiff to show that this provision was complied with. 63 Ark. 332; 82 *Id.* 353. There is no proof that such notice was given. The claim itself shows as also other evidence that the cattle were sold and delivered to the buyers on November 24, three days prior to the filing of the claim. If the provision is binding, and it is, it was error to refuse this instruction. Section 20 of the Interstate Commerce Act, 38 Stat. at Large 1196, 4 Fed. Stat. Anno. (2 ed.), p. 507, does not apply or refer to contracts for notice of loss or injury. There is a distinction between the "notice of claim" mentioned in the statute and the "notice regarding loss on injury" provided in the contract. 101 Ark. 436.

3. Request No. 7 for defendant should have been given, and it was error to refuse it, as written notice was required to be given within 91 days after loss or injury.

This requirement is strictly within the latest legislation. See section 20, quoted *ante* Cummins Act, 38 U. S. Stat. at Large, 1196.

*W. P. Murrah* and *McRae & Tompkins,* for appellee.

1.   The jury by their verdict found that there was unreasonable delay and that the cattle arrived in damaged condition and that the railroad had not explained the delay and had not shown that it was not negligent. Instruction No. 1 given for plaintiff was really too favorable to appellant.   There was no error in giving it nor in refusing to amend it.   The dead cattle proved that there was a failure to deliver safely.   100 Ark. 269-279; 1 Hutchinson on Carriers, 265, etc.   After damages to the goods has been established the burden is on the carrier to show it was caused by one of the perils which exempted the carrier.   194 U. S. 427.

The case in 174 S. W. 1165 was decided before the passage of the Cummins amendment, March 4, 1915, and the case is not in point, because it holds that a negligent delay must be proved by the shipper to recover for shrinkage and condition of the stock *after arrival.*   In this case the damages claimed were those claimed in transit, see 112 Ark. 110, where there is not one word to the effect that plaintiff must show that the delay was negligent.   See also as to the burden, 103 Ark. 522.

As to notice, none was required.   See Cummins Amendment, Barnes, Fed. Code, § 7936, 39 Stat. 441, Act August 9, 1916.

There are no errors in the instructions, and the evidence sustains the verdict and the judgment should be affirmed.

HUMPHREYS, J.   Appellee instituted suit against appellant in the Nevada Circuit Court to recover damages to a car load of cattle shipped by him from Prescott, Arkansas, to his consignee, Woodson-Fennewald Commission Company, at National Stock Yards, Illinois, to be sold on the market.   It was alleged in the complaint that the shipment was made under a contract binding

appellant to safely carry and deliver the cattle to the consignee, but, upon reaching their destination, it was discovered that fifteen head were dead, three crippled, and a number bruised, to the damage of appellee in the sum of $880; that, by the negligent delay of appellant in transportation, appellee was damaged in the sum of $131 on account of extra feeding and shrinkage in weight of cattle; that appellee gave due notice of his claim for damages to appellant.

Appellant filed answer, denying all material allegations in the complaint, and invoked, by way of further defense, failure of appellee to notify it, in writing, of the loss or injury in time to examine the cattle before being removed from the unloading pens or permitted to mingle with other cattle, or to give notice of an intention to file a claim for loss or damage within ninety-one days, or to file a verified, itemized claim within 125 days, according to the requirement of section 7 of the contract of shipment.

The cause was submitted to a jury, upon the pleadings, evidence and instructions of the court, and a verdict returned and judgment rendered for $750, from which judgment an appeal has been duly prosecuted to this court.

The undisputed evidence disclosed that forty-nine head of cattle were shipped at 12:30 P. M., on November 20, 1917, over appellant's railroad, by appellee, from Prescott to his consignee at National Stock Yards, Illinois, under contract with appellant to safely carry and deliver them; that they reached their destination at 1:10 P. M., on November 23, 1917, too late for the market, and consequently held over until the 24th of November for sale; that on the 24th, the market was lower than on either the 22d or 23d; that when they arrived at National Stock Yards, fifteen of them were dead, three crippled, six bruised, and the others depreciated in value by reason of shrinkage, etc.; that the following claim for damages was presented to the company on the 27th day of November, 1917, and bears the rubber stamp of the Missouri

Pacific freight claim department of date November 28, 1917, towit:

"National Stock Yards, Ill., Nov. 27, 1917.
"Mo. Pac. R. R. Co., Dr.

"To Woodson-Fennewald L. S. Com. Co., a/c A. Martindale, Prescott, Ark., to loss and damage on a car of cattle sold November 24.

To 12 average cattle 7,560 lbs. at av. pr. $6.80........$514.08
Less amount of deads sold for........................................ 46.15

                                                              $467.93

To 3 dead yearlings, 900 lbs. av. pr. 6c......$ 54.00
Less amount deads brought........................... 7.00  $ 47.00
To one crip. ylg. 300 lbs. at 6c......................... 18.00
To 2 crip. steers, 1,260 lbs. at $6.80........... 85.68

                                    $103.68
Less amount crips. brought........................... 21.00    82.68
To $1.00 a cwt. depreciation on 14,000
      lbs. cattle.............................................              140.00

Total .......................................................              $737.61"

That the natural shrinkage of cattle in transit was 4 per cent. of their weight the first day, 3 per cent. the second day and 2 per cent. each day thereafter; that the cattle were in good condition when loaded at Prescott, and that appellee accompanied them as far as North Little Rock, where they were unloaded and fed, at which time he returned to his home; that the cattle were properly loaded at North Little Rock and again unloaded and reloaded at Hoxie in order to get up about ten head that were then down and being trampled on by the other cattle in the car; that three bulls were contained in the shipment and that it was customary to tie them, which custom was complied with at Prescott, North Little Rock and Hoxie; that afterwards it was discovered that the bulls were untied and remained untied until the car reached its destination. The evidence on the part of appellee tended to show that the average schedule time

for the transportation of cattle from Prescott to the stock yards in question was about forty-two hours, and that there was an unreasonable delay in the transportation of this particular car. The evidence on the part of appellant tended to show that there was no delay in the transportation of said shipment.

Over the objection and exception of appellant, the court instructed the jury, in substance, that if they found that the transportation of the cattle was unreasonably delayed and that the cattle arrived at their destination in a damaged condition, they should find for the appellee, unless they found that the delay was not due to appellant's negligence. Appellant insists that the instruction was erroneous and prejudicial for two reasons; first, because it did not instruct that, before a recovery could be had, the jury must find from a preponderance of the evidence that the delay caused the damage to the cattle; second, because it failed to tell the jury that before a recovery could be had it must appear from the weight of the evidence that the damage resulted from a negligent delay in transportation on the part of appellant. It is insisted by appellant that, under the law, appellee must have shown a negligent delay by the weight of the evidence and that the burden was upon him to do so; else, no recovery could be had. Appellant is in error in this contention. To recover damage to cattle in transit, it is the shipper's only burden to establish by a preponderance of the evidence an injury to the cattle and the amount thereof. *St. L., I. M. & S. R. Co.* v. *Pape,* 100 Ark. 269; *K. C. Sou. Ry. Co.* v. *Morrison,* 103 Ark. 522; *K. C. Sou. Ry. Co.* v. *Mabry,* 112 Ark. 110. Appellant has cited the case of *St. L. S. W. Ry. Co.* v. *Burnett,* not reported in the Arkansas Reports, but reported in 174 S. W. 1165, in support of its contention that a shipper must prove damage to the cattle shipped, resulting from negligent delay by the carrier, before a recovery can be had. The rule announced in that case had application to damage resulting after delivery, and not in transit, and is therefore not an authority in the case at bar.

But, aside from the question of whether the instruction in question was erroneous, appellant carrier was responsible under the undisputed facts in the case by virtue of its contract to safely carry and deliver, and by virtue of its responsibility fixed by law as an insurer of the cattle against all loss of every kind, except that occasioned by "the act of God, of the public enemy, of public authority, of the shipper, or from the inherent nature of the" cattle. *St. L., I. M. & S. R. Co.* v. *Pape,* 100 Ark. 269. We think the instruction in question requested by appellee, basing his right to recover on unreasonable delay in the transportation by appellant, was more favorable to appellant than the facts warranted, and therefore not prejudicial to its rights.

Appellant suggests that appellee is not entitled to have the judgment affirmed on the ground that appellant was an insurer of the safe carriage and delivery of the cattle under the contract and the law, because, had appellee asked for a verdict on that theory of the case, it might have introduced evidence to bring it within one of the exceptions under the contract or law. The contractual and common-law liability of appellant was pleaded, and appellant made all the proof necessary to sustain his case on that theory and appellant was not prevented from introducing evidence to exempt itself from liability. It can not now be heard to complain when the undisputed facts in the record fix its liability under the contract and law.

Again, appellant insists that the verdict is unsupported by testimony in that the record fails to show that there was an unreasonable delay in the transportation of the cattle. It is suggested that, on account of the condition of the cattle, it was necessary for them to be unloaded at Hoxie, and, for that reason, it can not be said that the time consumed in transporting the cattle was unreasonable. The fact that the cattle were unloaded at Hoxie is perhaps a circumstance tending to show the necessity of some delay, but it does not conclusively show that there was no unreasonable delay in the transporta-

tion of the cattle. There is evidence tending to show that the cattle should have been transported in about forty-two hours, and that the shipment was in transit about seventy-two hours. Both Al Weaver and A. M. Denman, men experienced in shipping cattle, testified that, under ordinary circumstances, the cattle should have been transported in about forty-two hours. We think the evidence was sufficient to warrant the jury in finding that the time consumed in the transportation of the cattle was unreasonable.

Again, it is contended by appellant that the provision in its contract requiring appellee to give written notice of the loss or injury in time to have examined the cattle, before they were removed from the unloading pens, was binding upon appellee as to damages for injuries and shrinkage in weight, and that his failure to give such notice must work a reversal of the judgment. Appellant has cited Arkansas cases upholding such provisions in contracts as reasonable and that shippers of stock must comply with them as a prerequisite to recovering damages for loss occasioned by injuries and shrinkage in weight of the cattle while in transit. These cases were predicated upon the law as it stood prior to the Cummins amendment of August 9, 1916, to the Interstate Commerce Act, which is as follows:

"That it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years; provided, however, that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

Our interpretation of this amendment is that it prevents the carriers on interstate shipments from contracting with shippers for notice of claims on account of loss,

damage or injury to the subject-matter of the shipment in a shorter time than ninety days, or for filing claims in a shorter period than four months, or for the institution of suits on claims for a shorter period than two years. The language is plain and unambiguous. The object and purpose of the act was to protect shippers against the short time for giving notices of claims on account of loss, damage or injury to the subject of shipment imposed by carriers on them in bills of lading or contracts of shipment. Appellant, however, seeks to uphold the contract clause in the instant case because it applies to a notice regarding loss or injury and not to a notice of claim. In other words, it is asserted that the Cummins amendment only prevents carriers from contracting for a notice of the claim in a shorter period than ninety days, and does not affect their right to contract for a notice regarding loss or injury. The claim must necessarily be founded upon the loss or injury and the word "claim" used in the amendment is broad enough to cover loss or injury. Any other construction would deprive the shipper of the protection intended by the act. We can see no good reason for preventing a carrier from contracting for a notice of claim in a shorter period than ninety days and permitting it to contract for notice of loss or injury when the shipment reaches its destination. We do not think the statute intended such a distinction.

Lastly, appellant contends that the contract provides that notice of the claim shall be filed in ninety-one days, and the judgment should be reversed because appellee did not give this notice. The undisputed evidence shows that the notice was given and received by the Missouri Pacific freight claim department on November 28, 1917, within four days after the cattle reached their destination.

No error appearing in the record, the judgment is affirmed.