## 10689.  ELDERS v. THE STATE.

It was proper in this case to charge the jury on voluntary manslaughter.

DECIDED OCTOBER 14, 1919.

Indictment for murder—conviction of manslaughter; from Colquitt superior court—Judge Thomas.  May 22, 1919.

*W. F. Way,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BLOODWORTH, J.  The plaintiff in error was tried for murder and convicted of voluntary manslaughter.  The only ground of the motion for a new trial which is argued in the brief of counsel for the plaintiff in error is that one which alleges that the court erred in charging the jury on voluntary manslaughter.  In *Cain* v. *State,* 7 *Ga. App.* 24, this court said:  "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter.  *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wynne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540).  In the *Crawford* case, supra, the court strongly expresses itself on the subject as follows:  'When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court clearly and

distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty.' In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that 'where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder.' " Under these rulings as applied to the facts of this case, the trial judge did not err in charging on voluntary manslaughter.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*