L. L. HUNT, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.

Kansas City Court of Appeals, June 26, 1920.

1. **EVIDENCE: Delay.**  Evidence examined and *held* to justify a finding that the carrier was guilty of negligent delay in transporting beef cattle to the Chicago market.

2. **CARRIER: Delay: Excuse: War with Germany: Preference.**  The fact that a carrier gave preference to trains carrying war material in the war with Germany is not a valid excuse for delay in shipping cattle to market whereby the shipper was damaged by shrinkage.

3. **DELAY: Defence: Preference: Pleading.** A defense in an action for damages caused by a carrier's delay in shipping cattle to market that the carrier gave preference to trains carrying government war material in the war with Germany, if valid, should have been pleaded.

4. **DAMAGE: Delay: Notice.** Under the Federal Statute, as amended in U. S. Stat. at Large, 1913, 1915, vol. 38, Part 1, Public Laws, page 1197, no notice of claim for damage to shipper caused by the carrier's delay is necessary.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

AFFIRMED.

*W. M. Dinwiddie* and *Wm. H. Sapp* for respondent.

*Harris & Price* and *J. W. Jamison* for appellant.

ELLISON, P. J.—Plaintiff's action is for damages alleged to have accrued by reason of defendant's negligent delay in transporting beef cattle from Huntsdale, Missouri, to Chicago, Illinois. The judgment was for plaintiff.

Plaintiff loaded his catle at Huntsdale at 7 o'clock p. m. the 9th of July, 1918. The day and evening were very warm, yet by delay of the incoming freight train they did not start from that place until after 12 o'clock that night. They were then delayed at several points along the line, at some places for several hours. It finally rached Chicago at 3:25 on the morning of the 11th of July, making a total of 22 hours behind schedule time.

The case was tried by the court without the aid of a jury. No instructions were asked by either party, save a peremptory one to find for defendant. Defendant's defense, as made in this court, is principally on two points, one that the delay was caused by the preference given to government war shipments, the war with Germany being actively carried on at that time.

There are three reasons why that defense cannot be allowed. The case being tried by the court without a jury and the declaration of law being confined to the demurrer, if there is any substantial evidence in plaintiff's favor, it justifies the judgment; and as the delay is conceded and excuse given that it was caused by preference for government shipment connected with the war, that excuse (conceding for the moment it to be a good one) must be proven conclusively to have caused the injury, else the finding of negligent delay is justified. [Edwards v. American Express Co., 216 S. W. 781.] An examination of the evidence shows that it was not so proven. There was a delay after loading at the starting point of between six and seven hours the effect of which in great part, could have been avoided by notifying plaintiff and keeping the cattle out of the cars while waiting for the train that was to take them. Besides there was a delay of seven hours at Mokane. Four hours and forty minutes of this delay was caused by defendant not having any one to take the place of the train crew (Holland v. Railroad, 139 Mo. App. 702, 714) which was entitled to rest under the federal "Sixteeen Hour Law;" and two hours and twenty minutes taken in switching. The parties have not gone into the evidence showing the delay in detail, nor will we. It is sufficient to say that the evidence does not show with substantial conclusiveness, that government business caused all the delay, but that several hours came from other causes which the court may well have found could have been avoided. [McFall v. Railroad, 181 Mo. App. 142, 149.]

But the excuse of preferring trains transporting war material, under the evidence as it appears in the record cannot be allowed.

Such defense was not pleaded. If it is to be given any effect, it was matter of excuse arising after defendant's engagement to transport in a reasonable time and should have been pleaded.

The other point of defense is that plaintiff failed to give notice of his loss as stipulated in the bill of lading,

that is that part of the bill of lading which is set up in defendant's answer. The point is disposed of against the defendant under the terms of a recent federal statute amending Interstate Commerce Laws. The particular portion of the act is found in U. S. Stat. at Large, 1913, 1915, Vol. 38, Part 1, Public Laws, bottom of page 1197, reading as follows: "Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." The last proviso covers the case before us. Congress doubtless concluded that losses for such causes would be sufficiently known to the carrier to start him up investigation and put him upon inquiry without the formality of a notice from the shipper.

The judgment must be affirmed. All concur.