## 17272.   NICHOLS v. THE STATE.

BROYLES, C. J.   1. Upon a trial for murder, where there is adduced any evidence sufficient to raise a doubt, however slight, as to whether the case is murder or voluntary manslaughter, the court should instruct the jury upon the law of voluntary manslaughter as well as upon the law of murder. *Jackson* v. *State*, 76 *Ga.* 473; *Elders* v. *State*, 24 *Ga. App.* 279 (100 S. E. 781); *May* v. *State*, 24 *Ga. App.* 379 (11), 382 (100 S. E. 797). Under this ruling and the facts of the instant case, the court did not err in charging the law of voluntary manslaughter.

2. The various excerpts from the charge which are complained of do not, when considered in the light of the charge as a whole and the facts of the case, show reversible error.

(a) In view of the verdict returned, any errors in the charge upon the law of murder or upon the subject of malice would be harmless.

3. Under repeated rulings of the Supreme Court and of this court a refusal to direct a verdict in either a civil or a criminal case is never error.

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

> DECIDED MAY 12, 1926.

Conviction of manslaughter; from Fulton superior court— Judge Howard.   February 13, 1926.

Application for certiorari was denied by the Supreme Court.

*H. A. Allen*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, J. H. Hudson*, contra.

---

Appeal and Error, 4 C. J. p. 1023, n. 46.

Criminal Law, 16 C. J. p. 1049, n. 82; p. 1050, n. 84; p. 1180, n. 74; 17 C. J. p. 339, n. 60 New.

Homicide, 30 C. J. p. 406, n. 17; p. 408, n. 22.