# 19453. SOUTHERN RAILWAY CO. *v.* ATLANTIC ICE & COAL CO.

BLOODWORTH, J. 1. Under repeated rulings of the Supreme Court and of this court, "a refusal to direct a verdict in either a civil or a criminal case is never error." *Nichols* v. *State,* 35 *Ga. App.* 399 (3) (133 S. E. 266). See *Phillips* v. *Anderson,* 34 *Ga. App.* 190 (2) (128 S. E. 922), and cit. The rulings in these cases dispose of the assignment of error in the bill of exceptions based on the refusal of the court to direct a verdict.

2. The court charged the jury as follows: "One who pursues the business constantly or continuously for any period of time, or any distance, of transportation, is a common carrier and, as such, is bound to use extraordinary diligence. In case of loss, the presumption of law is against him, and no excuse avails him unless it was occasioned by the act of God or the public enemies of the State." This part of the charge is practically in the words of section 2712 of the Civil Code of 1910, and is not erroneous. "An exception to a correct charge because of failure to give in the same connection some other pertinent legal proposition is not a good assignment of error." *Mobley* v. *Childers,* 38 *Ga. App.* 441 (3) (144 S. E. 141), and cit. If more definite instructions on this question were desired, a proper and legal request therefor should have been presented to the judge.

3. The other assignments of error in the petition for certiorari amount to no more than what are known as "the usual general grounds," and this court will not say that there is no evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 9, 1929. ADHERED TO ON REHEARING JULY 10, 1929.

*McDaniel, Neely & Marshall, W. O. Wilson,* for plaintiff in error.

*Spalding, MacDougald & Sibley, Estes Doremus,* contra.

### ON REHEARING.

BLOODWORTH, J. The motion alleges that a rehearing should be granted, "because the bill of lading introduced in evidence contains the following stipulation: 'Before the live stock is removed from the possession of the carrier, or mingled with other live stock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the live stock.' The evidence disclosed the fact that the consignee did not comply with the requirements of such stipulation, and on account of his failure to do so, the verdict of the jury was contrary to the law and evidence in this case." This case grew out of an interstate shipment of mules. Even though the

bill of lading did contain the foregoing statement, this does not necessarily demand another hearing of the case. The petition alleges; "that said mules, and each of them, were sound, healthy, and in good condition when delivered to and accepted by defendant company over its lines and connecting lines; that when said shipment of mules reached Tampa, Florida, and were delivered by said company to your petitioner, that they were sick and in an unhealthy condition, and that five of said mules developed an acute sickness and as a result of which they died within a few days; that the sickness and death of said mules was caused by delay in transportation, improper handling, improper care and attention, improper feeding and watering on the part of said defendant company and its connecting carriers while said mules were in course of transportation." These allegations were sustained by proof. In Chesapeake & Ohio Ry. Co. v. Thompson Mfg. Co., 270 U. S. 416 (46 Sup. Ct. 318, 70 L. ed. 659), Mr. Justice Stone, delivering the opinion, said: "The case turns on the meaning and application, in the circumstances, of the last proviso of the so-called Cummins amendment, act of March 4, 1915, 38 Stat. 1196, 1197, c. 176, amending the interstate-commerce act of February 4, 1887, c. 104, 24 Stat, 379, as amended by § 7 of the act of June 29, 1906, c. 3591, 34 Stat. 584, 593. The last two provisos of the act, as construed in Barrett v. Van Pelt, 268 U. S., read as follows: 'Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded or damage in transit by carelessness or negligence, then no notice of claim shall be required as a condition precedent to recovery.' If respondent does not bring the case within the terms of the final proviso, its failure to give written notice of claim will bar it from recovery. See Ga. Fla. & Ala. Ry. Co. v. Blish Co., 241 U. S. 190 [36 Sup. Ct. 541, 60 L. ed. 948]; Barrett v. Van Pelt, supra; Davis v. Roper Lumber Co., 269 U. S. 158 [46 Sup. Ct. 28, 70 L. ed. 209, 44 A. L. R. 1357]. It was argued by petitioner in the State court, as it argues here, that, as respondent

offered no direct evidence that the damage to the goods in transit was caused by negligence of petitioner, respondent did not show compliance with the requirements of the Cummins amendment for relieving the shipper from the necessity of filing its claim in writing with the carrier. On the other hand, it is argued by the respondent that every carrier receiving goods for carriage in good condition, and returning them in bad condition, is conclusively presumed to have been negligent and is liable for the damage resulting from its negligence, unless the injury was caused by the act of God, the public enemy, or the act of the shipper, or the nature of the goods themselves; that, as the evidence and the verdict of the jury established that the damage was not due to any of these causes, the carrier's negligence was to be conclusively presumed, and no notice of claim was necessary under the provisions of the Cummins amendment." Barrett v. Van Pelt, 268 U. S. 85, 90 (45 Sup. Ct. 437, 69 L. ed. 857); Louisiana & Western Railroad Co. v. Gardiner, 273 U. S. 280 (47 Sup. Ct. 386, 71 L. ed. 644). The Court of Appeals of Texas, in Wichita Valley Ry. Co. v. Baldwin, 270 S. W. 1089(3), held that a provision of a contract of shipment of live stock for written notice to the carrier, before removal of the stock from the carrier's possession, of any visible or manifest injury, is invalid, in the case of an interstate shipment, under the provision of the act of Congress of March 4, 1915 (U. S. Comp. St. § 8604a), and the amending act of Feb. 28, 1920 (U. S. Comp. St. Ann. Supp. 1923, § 8604a), prohibiting a carrier from providing a shorter time than 90 days for giving notice of claims. Among the decisions from the various appellate courts that have followed the foregoing rule are Whiteside v. Chicago, M. & St. P. Railroad Co. (Mo. App.), 239 S. W. 150(3); Talbott v. Payne, 90 W. Va. 280(3) (111 S. E. 328); Wichita Valley Ry. Co. v. Davis (Tex. Civ. App.), 275 S. W. 169(2); Hunt v. Hines, 204 Mo. App. 318(4) (223 S. W. 798); Mo. Pacific Railroad Co. v. Martindale, 139 Ark. 144(6, 7), 151 (213 S. W. 777).

The damage claimed in this case was alleged to be due to carelessness or negligence in transit, and where this is shown by the evidence, "no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

Any previous decision of this court in conflict with what is

106

here announced must yield to the Federal statute here quoted and the decisions of the United States Supreme Court based thereon. *Decision adhered to. Broyles, C. J., and Luke, J., concur.*