19328.   HICKLIN *v.* CENTRAL OF GEORGIA RAILWAY
COMPANY.

JENKINS, P. J.   1. By the Cummins amendment to the interstate-commerce act, March 4, 1915 (38 Stat. 1196, 1197-7), a carrier is prohibited from providing "by rule, contract, regulation, or otherwise a shorter period of giving notice of claims than ninety days, and for the filing of claims for a shorter period than four months, and for the institution of suits than two years."   It is further provided by this amendment that "if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."   Accordingly, in a suit for loss of live stock in an interstate shipment, alleged to have been occasioned by the negligence of the carrier, where notice of the loss was given within ten days, failure to comply with a provision of the contract, that "before the live stock is removed from the possession of the carrier or mingled with other live stock the shipper, owner, consignee, or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the live stock," did not deprive the plaintiff of the right to institute the action or recover thereon, and the grant of a nonsuit on account of such failure on the part of the shipper was error. *Southern Ry. Co.* v. *Atlantic Ice & Coal Co.,* 40 *Ga. App.* 103 (149 S. E. 71).

2. Counsel for the defendant take the position that, the plaintiff having grounded his case on negligence, rather than upon the absolute liability of the carrier as an insurer, it was incumbent upon him to prove his case as laid.   Assuming, without deciding, that this is the rule, the evidence submitted was such as to authorize a finding of negligence on the defendant's part, there being proof that the hogs were properly loaded, and were sound and in good condition at the time they were loaded, and that fourteen of them were found dead within the car at an intermediate station about fifty miles from the point of shipment.   Under such a proved state of facts, the doctrine of res ipsa loquitur could be taken to have application.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 24, 1929.

*James A. Fort,* for plaintiff.

*H. A. Wilkinson, R. L. Maynard,* for defendant.

JENKINS, P. J.   Since the foregoing decision was handed down, this court has become cognizant of the fact that the statement contained in the second division of the decision, with reference to the position taken by counsel for the defendant, is inaccurate, in that counsel for the defendant did not contend in their brief that the

plaintiff had grounded his case on negligence, but, on the contrary, their position was that the plaintiff relied upon the absolute-liability rule. It is true that counsel for the defendant railway company set out in their brief that the plaintiff's petition shows "that defendant did not safely and with reasonable dispatch transport and deliver, but, through negligence and carelessness, did deliver said shipment of hogs at destination in a greatly damaged condition, to wit: fourteen of said hogs were killed in transit," and while affirming that "the Georgia courts have decided that a charge of negligence is not important (where a railroad is involved) when the common-law liability is relied upon" (citing *L. & N. Railroad Co.* v. *Warfield,* 129 *Ga.* 473, 59 S. E. 234), they further contend "that the Federal courts have held, and do hold, that a charge of negligence, when made, must be proven," and that the "Federal rule is to be applied in construing interstate contracts." We took it that the inference from the brief was that since no proof of the alleged negligence had been made, the plaintiff could not, in any view, be absolved from the duty of giving the notice as required by the bill of lading on account of negligence on the part of the carrier having been alleged and shown. Counsel for the defendant did not, however, themselves take the position that the action had in fact been grounded on negligence, but, on the contrary, specifically state that plaintiff relies upon the absolute-liability rule. The ruling of this court was rendered in accordance with a recent decision of this court (*Southern Railway Co.* v. *Atlantic Ice & Coal Co.,* 40 *Ga. App.* 103, 149 S. E. 71), and upon the two theories, first, that a provision of a contract of shipment of live stock for written notice to the carrier, before removal of the stock from the carrier's possession, of any visible or manifest injury, is invalid, in case of an interstate shipment, under the provision of the act of Congress of March 4, 1915 (U. S. Comp. St. § 8604a), and the amendment of the act of Congress of February 28, 1920 (U. S. Comp. St. Ann. Supp. 1923, § 8604a [49 U.S.C.A. § 20]), prohibiting a carrier from providing a shorter time than 90 days for giving notice of claims (*So. Ry. Co.* v. *Atlantic Ice & Coal Co.,* supra) ; and second, that in any suit based upon a contract of interstate shipment, the provisions of the Cummins amendment to the interstate-commerce act render unnecessary *any* notice of claim or filing of claim as a condition precedent to recovery, when the loss or damage com-

plained of was due to delay or damage caused by carelessness or negligence of the carrier in transit. With reference to the latter of these propositions, it was and is the opinion of this court that the allegations of the plaintiff charging that the defendant did not safely and with reasonable dispatch transport and deliver the shipment, but was guilty of negligence and carelessness in the shipment might be taken as prima facie established from the proof made that the hogs were properly loaded and were in sound condition when loaded, and that fourteen of them were found dead in the car at an intermediate station about fifty miles from the point of shipment. See *Atlantic Coast Line R. Co.* v. *Varner*, 36 *Ga. App.* 441 (2), 443 (137 S. E. 83), and cit. We add this supplemental statement instead of revising the opinion, for the reason that while the case still remains within the jurisdiction of this court, the court prefers not to make any change in the original syllabus, since it is informed that notice of intention to apply for certiorari has been given, but it does desire to correct any inaccurate statement of the position taken by counsel for defendant.