## Forkner v. Louisville & Nashville Railroad Company.

(Decided January 28, 1930.)

D. L. PENDLETON for appellant.

A. M. WARREN and BENTON & DAIVS for appellee.

580

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is a shipper's action against a delivering carrier for injuries to live stock transported in interstate commerce. The Missouri Pacific Railroad Company received at Kansas City, Mo., several carloads of cattle consigned to C. T. Forkner at Winchester, Ky. It issued a uniform live stock contract upon each shipment which came into the possession of the consignee. Among the "terms and conditions" of the contract printed on the back of each copy was clause (c) of section 4, which reads as follows: "Before the live stock is removed from the possession of the carrier or mingled with other live stock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the live stock."

Forkner sued the Louisville & Nashville Railroad Company to recover damages for injuries to the cattle. He alleged the execution of the contracts by the Missouri Pacific Railroad Company, at Kansas City, and the delivery to it of the cattle; that the defendant was the connecting carrier to make delivery at Winchester, Ky., and, while in charge of the cattle, it carelessly and negligently caused injury to them in transit; that the cattle were lacerated, torn, bruised, scarred, and damaged; that the injuries to the cattle were caused by the careless and negligent operation by the defendant of the cars containing them, and that some of the cattle, as a result of the injuries, had died shortly after being unloaded. The averments were substantially repeated respecting the cattle contained in each car for which a bill of lading was issued. A demurrer to the petition was interposed by the defendant and sustained by the court. An amended petition alleged that the cattle were unloaded at night when plaintiff could not see or know the nature or extent of the injuries to the cattle, and that the ones that had died suffered injuries not then visible. The demurrer to the petition as amended was insisted upon, and the court adhered to its ruling. Plaintiff pleaded no further, and his petition was dismissed, resulting in this appeal.

It is said by the parties in briefs that the demurrer was sustained on the ground that plaintiff failed to allege that he had complied with clause (c) of section 4 of the contract already quoted. No question is raised respect-

ing the right of the court to determine that matter on demurrer to a petition silent in regard to it. Cf. Hoye v. Pennsylvania Railroad Co., 191 N. Y. 101, 83 N. E. 586, 17 L. R. A. (N. S.) 641, 14 Ann. Cas. 414; Amber v. Davis, 221 Mo. App. 448, 282 S. W. 459. Counsel agree that two questions are presented, but differ radically as to how they should be decided. The first is whether the injuries to the cattle as described in the petition, were visible or manifest within the meaning of the clause in question, and the second is the validity of the clause as affecting the right to sue.

In so far as the petition alleged that the cattle were lacerated, torn, and scarred, we see no room for doubt that it referred to injuries that must have been visible and manifest. As to the other injuries alleged and the death of some of the cattle by reason thereof, it is not clear that they were necessarily visible or manifest. However that may be, it is not necessary now to determine. The clause in question is but a covenant and does not purport to make its observance a condition precedent to a claim or action against the carrier for such injuries. Manifestly it could not do so in the light of the law plainly prohibiting such provision in cases where injury results from damages or delays caused by carelessness or negligence in loading or unloading, or while in transit. Barrett v. Van Pelt, 268 U. S. 85, 45 S. Ct. 437, 69 L. Ed. 859; Davis v. John L. Roper Lumber Co., 269 U. S. 158, 46 S. Ct. 28, 70 L. Ed. 209, 44 A. L. R. 1357. Yet that effect was given to the contract by the ruling of the circuit court, and it is sought to sustain it here. Notice may be required in cases of injuries not within the classes specified and not due to negligence, provided the time limit therefor is not less than 90 days (C. & O. R. Co. v. A. F. Thompson Mfg. Co., 270 U. S. 415, 46 S. Ct. 318, 70 L. Ed. 659), but we see no basis for the argument that the right of action for injuries negligently inflicted upon live stock while in transit can be destroyed by the breach of a mere covenant to give notice of visible or manifest injuries to the stock before it is removed from the carrier's custody or mingled with other cattle. Congress definitely prohibited the carrier from making any such rule, contract, or regulation, and the courts have uniformly rejected defenses based upon an attempted violation or evasion of the act. The Act of Congress, known

as the Cummins Amendment, Act of March 4, 1915, 38 Stat, at L. 1196, c. 176, reads as follows:

"Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss or damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition predecent to recovery." 49 USCA sec. 20, par. 11 note.

The ambiguity in this act was removed by the opinion of the Supreme Court in the case of Barrett v. Van Pelt, 268 U. S. 85, 45 S. Ct. 437, 439, 69 L. Ed. 857, where it was held that Congress intended to make the classification regarding notice of injury or claim on the basis of negligence, and so construed the act as to mean that, "if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded or damage in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." As to claims not arising from negligence, and within the limits and period defined, the carrier was free to make reasonable restrictions regarding notice of injury or claim. C. & O. R. Co. v. A. F. Thompson Mfg. Co, supra; Davis v. John L. Roper Lumber Co., supra. The Transportation Act of 1920, chapter 91, 41 Stat. 456, p. 494, provides: "That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice." 49 USCA, sec. 20(11). Any restrictions in excess of the authority thus allowed are invalid and ineffective. Louisiana & Western R. Co. v. Gardiner, 273 U. S. 280, 47 S. Ct. 386, 71 L. Ed. 644.

In addition to the conclusive authorities already mentioned, appellate courts have uniformly held provisions like that involved in this case ineffective to defeat actions for damages to live stock alleged to have been caused by negligence in transit, or in loading or unloading. Wichita Val. R. Co. v. Baldwin (Tex. Civ. App.), 270 S. W. 1089; Whiteside v. Chicago, M. & St. P. R. Co. (Mo. App.), 239 S. W. 150; Talbott v. Payne, 90 W. Va. 280, 111 S. E. 328; Hunt v. Hines, 204 Mo. App. 318, 223 S. W. 798; Missouri Pac. R. Co. v. Martindale, 139 Ark. 144, 213 S. W. 777; Southern R. Co. v. Atlantic Ice & C. Co. (Ga. App.), 149 S. E. 71; Ritchie v. Oregon Short Line R. Co., 42 Idaho, 193, 244 P. 580, 45 A. L. R. 909; Ingram v. Davis, 134 S. C. 93, 131 S. E. 678.

L. & N. R. Co. v. Johnson, 182 Ky. 418, 206 S. W. 639, and kindred cases, followed decisions of the Supreme Court construing the Interstate Commerce Act before the adoption of the Cummins Amendment or the Transportation Act. Such cases are no longer in point, since the law has been changed, and in cases arising in interstate commerce, the acts of Congress, as interpreted by the United States Supreme Court, are entitled, not only to deference, but to absolute obedience. L. & W. R. Co. v. Gardiner, 273 U. S. 280, 47 S. Ct. 386, 71 L. Ed. 644.

It follows that the court erred in sustaining the demurrer to the petition.

The judgment is reversed.