Beals, J.
 

 Plaintiff sued to recover damages for injuries to a shipment of cattle which he delivered to defendant at Spokane for transportation to Republic during the month of November, 1927. In his complaint, plaintiff alleged that defendant was negligent
 
 *566
 
 in caring for the cattle, subjected them en route to unnecessary delay, exposed them unnecessarily to cold, wind and rain, and handled the cattle roughly, from which causes the animals became sick and suffered physical injuries, as a result of which some of the cattle died and others were greatly depreciated in value.
 

 All negligence was denied by the defendant, and, upon the trial of the action before the court, sitting with a jury, the court, at the conclusion of plaintiff’s case, sustained a challenge interposed by defendant to the legal sufficiency of the evidence, withdrew the cause from the consideration of the jury and entered judgment dismissing the action, from which judgment plaintiff appeals.
 

 The trial court was of the opinion that, under the circumstances disclosed by the testimony introduced on behalf of appellant, appellant should have given to respondent a notice pursuant to subd. C of § 4 of the uniform livestock contract, under which the cattle were shipped, which subdivision reads as follows:
 

 “Before the livestock is removed from the possession of the carrier or mingled with other livestock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the livestock.”
 

 It is admitted that no notice complying with these provisions was given.
 

 It seems clear that, in the argument upon respondent’s challenge, the attention of the trial court was not called to recent Congressional legislation (it being apparently conceded that existing Federal statutes are applicable) found in 44 U. S. Stat. at Large, p. 1448, § 3. This section, constituting an amendment to the interstate commerce act, reads in part as follows:
 

 
 *567
 
 “Provided, however, That if the loss, damage, or injury complained of was due to carelessness or negligence while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit or in loading or unloading, then no notice of claim or filing of claim shall be required as a condition precedent to recovery, but in no case under this proviso shall suit be instituted after three years from the time such cause of action accrued. ...”
 

 Pertinent sections of the United States transportation act have been construed by the courts in the following cases:
 
 Barrett v. Van Pelt,
 
 268 U. S. 85;
 
 Hailey v. Oregon Short Line R. Co.,
 
 253 Fed. 569;
 
 Wichita Valley R. Co. v. Baldwin,
 
 270 S. W. (Tex. Civ. App.) 1089;
 
 Hicklin v. Central of Georgia R. Co.,
 
 40 Ga. App. 297, 149 S. E. 286.
 

 It seems clear, considering the transportation act, as the same was in force when the cattle were shipped, and the foregoing authorities, that the amendment above quoted, in the light of the previous amendments, has changed the rule as embodied in the original act of Congress, as construed in the cases relied upon by respondent in the court below, in accordance with which the trial court sustained respondent’s challenge.
 

 Eespondent contends that, in any event, granting that a carrier may not require the giving of notice of claim under the section last quoted, the carrier may still require, under § 4 of the uniform livestock contract,
 
 supra,
 
 a notice of injury. In this connection, we have examined the citations set forth in respondent’s brief, but conclude that they are not controlling and that, under the circumstances disclosed by appellant’s evidence, appellant may, if the facts warrant, maintain an action against respondent for alleged damages on account of injuries suffered by his cattle while the same were in transit or being loaded or unloaded, or
 
 *568
 
 as based upon other matters covered by the Congressional amendatory act of July 3, 1926,
 
 supra. Missouri Pac. R. Co. v. Martindale,
 
 139 Ark. 143, 213 S. W. 777.
 

 We are accordingly of the opinion that, upon the ground argued to the trial court, respondent’s challenge to the sufficiency of the evidence was improperly sustained.
 

 Respondent contends, nevertheless, that, even conceding that the challenge was improperly granted upon the ground relied upon by the superior court, appellant’s evidence in fact discloses no actionable negligence on the part of respondent, and that the action should have been dismissed upon the ground that appellant made no
 
 prima facie
 
 case against respondent and that appellant’s evidence would not support any
 
 judgment in
 
 appellant’s favor.
 

 Some of plaintiff’s witnesses testified that the cattle were in good condition upon their arrival at Spokane just prior to entraining for the last lap of their journey to Republic. There was also testimony to the effect that, during this last portion of the trip, the weather was inclement; that the temperature was low and that rain and sleet fell; that, notwithstanding this climatic condition, the cattle were unnecessarily exposed and delayed in transit, and that the train which contained the cattle cars in which the stock were riding was subjected to severe jolts and sudden shocks by which the cattle were thrown down and injured; that, while traveling, the cattle showed symptoms of distress and illness, and that the conditions to which the stock had been subjected might produce such results.
 

 Witnesses for appellant testified that the cattle in good condition
 
 at
 
 Spokane were worth forty-five dollars a head, and that at Republic the same cattle in good condition would have been worth sixty dollars
 
 *569
 
 per head. Respondent contends that no competent testimony was introduced on the question of damages. We are of the opinion, however, that, at least as to the cattle which died, there was evidence on the matter of damage sufficient to carry the case to the jury.
 

 Upon consideration of the record before us, we are satisfied that, upon the questions of negligence and damages, there was sufficient testimony introduced to constitute a
 
 prima facie
 
 case in appellant’s favor, and that respondent’s challenge to the sufficiency of appellant’s evidence was, upon any theory, erroneously sustained.
 

 The judgment appealed from is reversed.
 

 Mitchell, O. J., Parker, Tolman, and Millard, JJ., concur.