## LOUIS ILFELD CO. et al. v. SOUTHERN PAC. CO.—PACIFIC SYSTEM.

### No. 343.

Circuit Court of Appeals, Tenth Circuit.

April 1, 1931.

Francis E. Wood, of Albuquerque, N. M. (Owen N. Marron, of Albuquerque, N. M., on the brief), for appellants.

Del W. Harrington, of El Paso, Tex. (E. R. Wright, of Santa Fé, N. M., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

Appellants complain of an order sustaining a demurrer to their second amended complaint and a judgment dismissing an action they brought to recover damages for injury to cattle, while being transported from Sonita, Ariz., to Whitman, Neb., under a "Uniform Live Stock Contract." They alleged delivery of the cattle to appellee, the payment of the freight and the injury in transit due to negligence of the appellee and connecting carriers. They further alleged the delivering carrier was orally notified of the injury and inspected the cattle before removal, and later they duly notified appellee in writing of their claim to the loss.

The ground on which the demurrer was sustained was that they did not allege compliance with section 4c of the contract, which required a shipper, owner, consignee, or agent, before removal or mingling of live stock, to "inform in writing the delivering carrier of any visible or manifest injury to the livestock."

The controversy in this case is whether that section is a valid provision of the contract. This depends upon the proper construction of the last proviso to the first Cummins Amendment to the Interstate Commerce Act, enacted on March 4, 1915 (38 Stat. 1196), which in connection with another preceding it reads: "* * * That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The parties differ in construing the words "notice of claim," in the statute. Appellants contend that, where negligence is the ground of suit, the language of the amendment was broad enough to render invalid the stipulation for written notice of injury. Appellee insists that such notice was not meant to be excluded, and, the stipulation being valid, the failure to comply with it defeated a recovery.

It must be conceded there is support for appellee's contention. The "Uniform Livestock Contract" appears to have been prescribed by the Interstate Commerce Commission, and reflects its construction of the Amendment. 64 I. C. C. 357, October 21, 1921; 52 I. C. C. 671, April 14, 1919; 33 I. C. C. 682, May 7, 1915. And doubtless the Commission acted within the powers confided to it by Congress. Missouri Pac. R. Co. v. Porter, 273 U. S. 341, 47 S. Ct. 383, 71 L. Ed. 672. Great weight would have attached to a contemporaneous construction of the proviso if it is ambiguous in meaning. Swift & Co. v. United States, 105 U. S. 691, 26 L. Ed. 1108; Allen, Collector, v. Morsman, Trustee, 46 F.(2d) 891 (8 C. C. A. Feb. 17, 1931); National Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496. But it was long delayed and we are not convinced the meaning is in doubt.

Counsel for appellee rely upon decisions holding that a protest against or notice of damage is not a notice of claim required by a bill of lading. Anchor Line, Ltd., v. Jackson (C. C. A.) 9 F.(2d) 543; Duche & Sons v. Mediterraneo (D. C.) 31 F.(2d) 496. In addition, several decisions in the state courts are cited which sustain defenses based on stipulations which required notice of injury. But none of these cases construed the Cummins Amendment.

We are impressed that appellee depends on a construction of the proviso which is too narrow and technical to reach its full meaning. In Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, construing the Carmack Amendment to the Hepburn Act (49 USCA § 20), which fixed liability for damages on initial carriers, it was held that theretofore liability was determined by the general common law as declared by the Supreme Court and enforced in the federal courts, and by state policies and statutes, and that no uniformity of obligation or liability was possible until Congress dealt with the subject. There were other constructions of that amendment, which were reviewed in Pierce Co. v. Wells, Fargo & Co. (Feb. 23, 1915) 236 U. S. 278, 35 S. Ct. 351, 59 L. Ed. 576.

The Cummins Amendment was soon adopted with uniformity in view respecting liability upon contracts for interstate shipments, and declared unnecessary notice or filing of claims in negligence cases. We think the language used is not ambiguous, when considered in the light of this manifest purpose. It was doubtless intended to be

complete, as a regulation of all matters pertaining to claims based on negligence. No room appears to have been left for a stipulation requiring written notice of injury, upon the theory of a distinction between that phrase and notice of a claim. The letter of the law would thus be made the basis of construction rather than its object. A notice of injury would serve no other purpose than to apprise the carrier of a claim for damages. It is obvious that, if a carrier is not entitled to notice of a claim, it is not entitled to notice of an injury, which has a claim as its object. As the reason for both is the same, they are therefore practically synonymous in meaning. And as was said in Barrett v. Van Pelt, 268 U. S. 85, 45 S. Ct. 437, 69 L. Ed. 857, it may reasonably be thought that, where the ground of suit is negligence, the carrier has knowledge of the facts or expects a claim to be made for compensation. In our opinion, the proviso in question was intended to prohibit a notice of injury as a defense.

This view is in accord with the uniform decisions of the state courts, which construe the amendment. Missouri Pac. Ry. Co. v. Martindale, 139 Ark. 143, 213 S. W. 777; Hunt v. Hines, 204 Mo. App. 318, 223 S. W. 798; Wichita Valley Ry. Co. v. Baldwin (Tex. Civ. App.) 270 S. W. 1089; Ingram v. Davis, 134 S. C. 93, 131 S. E. 677; Southern R. Co. v. Atlantic I. & C. Co., 40 Ga. App. 103, 149 S. E. 71; Hicklin v. Central of Ga. R. Co., 40 Ga. App. 297, 149 S. E. 286, 428; Hill v. Great Northern R. Co., 156 Wash. 567, 287 P. 665; Forkner v. L. & N. R. Co., 232 Ky. 579, 24 S.W.(2d) 290.

Our conclusion is that it was error to sustain the demurrer to appellants' complaint and render judgment thereon. The order and judgment are therefore reversed, with direction to require an answer from the appellee.

Reversed.