20 P.(2d) 932

## EVANS v. ATCHISON, T. & S. F. RY. CO.

### No. 3711.

Supreme Court of New Mexico.

March 28, 1933.

James A. Hall, of Clovis, for appellant.

Reid & Iden, of Albuquerque, for appellee.

ZINN, Justice.

The appellant, as shipper, sued the appellee, the carrier, for the sum of $2,060.50, for damages to three hundred sixty-seven head of cattle, which the appellant delivered to appellee at Clovis, N. M., on November 8, 1929, for shipment to Kansas City, Mo. In the complaint it is alleged that the cattle were unloaded at Wynoka, Okl., into open pens, knee deep in mud, no shelter provided, and during a very severe rainstorm, and that the cattle were improperly fed and cared for, and after thirteen hours of such negligent care were reloaded into wet, muddy cars without dry bedding, and were shipped to destination, all of which greatly damaged the cattle to the injury of the appellant.

By stipulation entered into between the parties in the trial court, it was agreed that the "Uniform Live Stock Contract," being Defendant's Exhibit A of its answer, was the contract which covered the shipment of cattle over the line of the appellee, and that the said contract covered the kind and nature of damages claimed by the appellant, which damages were stipulated in the sum of $1,-000. It was further stipulated that the appellant failed to give written notice to the carrier as provided by paragraph 4-c of said contract, which paragraph is as follows: "Before the livestock is removed from the possession of the carrier or mingled with other livestock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the livestock." .

The appellant contends that failure to give such written notice is not a condition precedent to recovery, for the reason that an interpretation of this paragraph 4-c is controlled by the statutes and decisions of the United States, in that the shipment was an interstate shipment under the provisions of the Transportation Act (41 Stat. 456) as the same existed at the time of the shipment of the cattle.

The appellee, the carrier, contends that section 4-c of the contract, supra, is plain and unambiguous, and requires of the shipper a notice in writing of injury to his shipment, and that said written notice is a notice of apparent injury to animals before intermingling with other cattle and is distinct and separate from the notice of claim for damages referred to in the Transportation Act, and that the giving of such notice is a condition precedent to the bringing and maintaining of the suit to establish the liability of the carrier.

By the stipulation of the parties it is agreed that the damage to the appellant's cattle was of the kind and nature claimed by the appellant and was such damage or injury while being loaded, unloaded, or in transit, and in the sum of $1,000, and it is therefore admitted that the damages were due to the negligence of the carrier, leaving the only question to be determined one of law, that is, whether or not the shipper was required to give written notice as provided by paragraph 4-c, supra.

The appellee cites numerous decisions in support of its contention that such a provision for written notice is a condition precedent to recovery, and that failure upon the part of the shipper to give such written notice of injury bars the claim.

■ There is unquestionably a distinction between a notice of claim for damages because of injury sustained by live stock in transit or in loading and unloading, referred to in the Transportation Act, and a notice to the carrier advising him of apparent injuries before the live stock is removed from the possession of the carrier or mingled with other live stock, as intended by section 4–c of the contract. Section 4–c of the uniform live stock contract is plain and unambiguous and apparently intended for the protection of the carrier to enable the carrier to investigate the alleged injury before the live stock is taken from the carrier's possession and intermingled with other stock and before the identity of the injured cattle is lost, so that the carrier can ascertain the apparent injuries for which it shall be held in damages; but, nevertheless, this was an interstate shipment, and is therefore governed exclusively by federal legislation and decisions thereon. See Atchison, T. & S. F. Ry. Co. v. Miller, 63 Colo. 46, 163 P. 836, and cases therein cited.

It is not necessary for us to attempt to distinguish the various decisions of the courts turning on the question of whether the claim for injury was the kind requiring notice of claim, or filing of claim under the statute.

The section of the Transportation Act in question is section 20, par. 11, of the act (title 49, section 20 (11), USCA), as in effect at the time of the shipment.

The act as now amended, July 3, 1926, c. 761, 44 Stat. 835; March 4, 1927, c. 510, § 3, 44 Stat. 1448; April 23, 1930, c. 208, 46 Stat. 251, is set out in 49 USCA § 20 (11) and is not under consideration here.

Paragraph 11 of section 20 was originally part of the Hepburn Act of June 20, 1906, c. 3591, 34 Stat. 593, and was known as the "Carmack Amendment" and later amended on March 4, 1915 (38 Stat. 1196) by the so-called "First Cummins Amendment." This paragraph was again amended by Act of Aug. 9, 1916 (39 Stat. 441), known as the "Second Cummins Amendment," which struck certain provisions from the paragraph, but made no changes in the provision applicable to the issue here.

The amendment to the Transportation Act in effect at the time of the shipment, and which is pertinent here, is chapter 510 of the Laws of 1927, adopted by the Sixty-Ninth Congress, entitled "An Act To amend the Interstate Commerce Act and the Transportation Act, 1920, and for other purposes," found in volume 44, part 2, Public Laws, of the United States Statutes at Large, and the particular provision applicable is found on page 1449 thereof, and is as follows, to wit: "Provided further, That it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving no-

tice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice: Provided, however, That if the loss, damage, or injury complained of was due to carelessness or negligence while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit or in loading or unloading, then no notice of claim or filing of claim shall be required as a condition precedent to recovery, but in no case under this proviso shall suit be instituted after three years from the time such cause of action accrued." 49 USCA § 20 (11) note.

This same question has been fully determined and considered in the case of Louis Ilfeld Co. et al. v. Southern Pac. Co.—Pacific System, decided on April 1, 1931, by the Circuit Court of Appeals, Tenth Circuit, reported in 48 F.(2d) 1056, 1057, where the controversy arose over a claim for damages for injury to cattle in transit from Sonita, Ariz., to Whitman, Neb., under a "Uniform Live Stock Contract" having the identical provision as that under consideration here, to wit, section 4–c. The District Court of New Mexico sustained the demurrer of the carrier for the reason that the shipper did not allege compliance with section 4–c of the contract, which required a shipper, owner, consignee, or agent, before removal or mingling of live stock, to inform in writing the delivering carrier of any visible or manifest injury to the live stock. The parties differed in construing the words "notice of claim" in the statute; the shipper contending that, where negligence is the ground of suit, the language of the amendment was broad enough to render invalid the stipulation for written notice of injury; the appellee insisting that such notice was not meant to be excluded, and, the stipulation being valid, the failure to comply with it defeated a recovery. The court said: "The Cummins Amendment was soon adopted with uniformity in view respecting liability upon contracts for interstate shipments, and declared unnecessary notice or filing of claims in negligence cases. We think the language used is not ambiguous, when considered in the light of this manifest purpose. It was doubtless intended to be complete, as a regulation of all matters pertaining to claims based on negligence. No room appears to have been left for a stipulation requiring written notice of injury, upon the theory of a distinction between that phrase and notice of a claim. The letter of the law would thus be made the basis of construction rather than its object. A notice of injury would serve no other purpose than to apprise the carrier of a claim for damages. It is obvious that, if a carrier is not entitled to notice of a claim, it is not entitled to notice of an injury, which has a claim as its object. As the reason for both is the same, they are therefore practically synonymous in meaning. And as was said in Barrett v. Van Pelt, 268 U. S. 85, 45 S. Ct. 437, 69 L. Ed. 857,

it may reasonably be thought that, where the ground of suit is negligence, the carrier has knowledge of the facts or expects a claim to be made for compensation. In our opinion, the proviso in question was intended to prohibit a notice of injury as a defense." Louis Ilfeld Co. et al. v. Southern Pac. Co.-Pacific System (C. C. A.) 48 F.(2d) 1056, 1057. The appellate court reversed the trial court. To the same effect, see Forkner .v. Louisville & N. R. Co., 232 Ky. 579, 24 S.W.(2d) 290; Hicklin v. Central of Georgia Ry. Co., 40 Ga. App. 297, 149 S. E. 286, 428; Hill v. Great Northern Ry. Co., 156 Wash. 567, 287 P. 665.

It is apparent in this case that the trial court's attention was not called to the recent cases construing section 4–c of the Uniform Live Stock Shipping Contract.

As above stated, this is an interstate shipment and controlled by the Transportation Act, and we are therefore governed by the federal decisions. In this instance, in the absence of a final decision by the Supreme Court of the United States, we are guided by and are in accord with the decision of the Tenth Circuit Court of Appeals, in the case of Ilfeld v. Southern Pacific, supra, that the notice required by section 4–c is not a condition precedent to recovery in light of the specific provision of the Transportation Act, which provision was in force when the cattle of appellant were shipped, providing that no notice of claim is necessary where the loss, damage, or injury complained of was due to carelessness or negli-

gence upon the part of the carrier while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit or in loading or unloading.

The judgment appealed from is therefore reversed, and the cause remanded, with instructions to enter judgment for the appellant as provided in the stipulation. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.